[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a Memorandum of Decision on the plaintiff's Motion to Dismiss the defendant's Motion for Modification which Motion to Dismiss was amended November 16, 1992. The court has reviewed the parties memoranda of law. The court has reviewed the stipulated facts as set forth in the Memorandum in Opposition to the plaintiff's Motion to Dismiss which are set forth as follows:
a. The defendant resided in the state of Connecticut at the time of filing of the Motion for Modification;
b. The defendant relocated to New Jersey in approximately August of this year in connection with newly obtained employment;
c. The plaintiff wife resides in the Washington, D.C. area and has done so since shortly after the dissolution of the parties' marriage in July, 1989.
d. The parties have one minor child, issue of their marriage, who resides with the wife;
e. The plaintiff wife has returned to the Connecticut court on various occasions for the purpose of participating in post-judgment matters in connection with this matter, but has not done CT Page 11406 so in calendar year 1992;
f. The Connecticut court had jurisdiction over this matter at the time of the dissolution of marriage.
It is clear that the general rule in Connecticut is that personal jurisdiction, once acquired is not lost or divested by subsequent events or actions of the parties. see, Alfieri v. O'Hara, 5 Conn. L. RPTR. No. 3, 63 (Stamford 1991). In the Alfieri case the plaintiff husband resided in Connecticut in 1982 at the time of the dissolution and shortly thereafter moved to Massachusetts. The court found in October of 1991 that it had jurisdiction to hear the plaintiff's Motion for Modification as to the alimony and child support. This was done notwithstanding that the Motion had been filed a substantial amount of time after the original decree. Neither party in 1991 resided in this state.
The court in Alfieri further found that "there is a concept of continuing jurisdiction in the Superior Court for purposes of modification, and perhaps without regard to where the parties thereafter may move."
The second claimed ground is that the Motion to Dismiss should be granted as it is a forum non conveniens. The court has discretion to decide where the trial will best serve the convenience of the parties and the ends of justice. Union Carbide v. Aetna Casualty Surety Co., 56 A.2d 15 (1989), Brown v. Brown, 46 A.2d 1116 (1985). Cases indicate that the overriding inquiry in a forum non conveniens case is, not whether some other forum might be a good one or even a better one then the plaintiff's chosen forum but rather whether the forum is itself inappropriate or unfair. The court in exercising its jurisdiction, should accord a strong presumption in favor of the forum chosen. Picketts v. International Playtex Inc., 576 A.2d 518, 215 Conn. 490 (1990).
For the foregoing reasons, the Motion to Dismiss is denied.
KARAZIN, J. CT Page 11407