[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS MOTION FOR ARTICULATION AND CLARIFICATION
The defendant in the above entitled matter has moved to dismiss the plaintiff's Motion for Articulation and Clarification claiming that the court lacks in personam jurisdiction over the defendant. The defendant resides in CT Page 11674 Maryland and was served by registered mail. The plaintiff now lives in New Jersey.
A decree of dissolution of the parties' marriage was entered on October 31, 1986 in the Superior Court for the Judicial District of Fairfield, State of Connecticut (Meadow, J.). The parties were married in Westport, Connecticut on August 14, 1982. At the time of the commencement of this action, the plaintiff had moved to New Jersey and the defendant resided with the parties' minor child in Westport.
Subsequent to the decree of dissolution there were extended proceedings on the plaintiff's motion to reopen and modify judgment to require the defendant to maintain her physical residence in Fairfield County, or in the alternative, the primary physical residence of the child be with plaintiff father. This hearing extended into February, April and May of 1988. Decisions were rendered on September 15, 1988. From September 15, 1988 to September 1, 1992 there were no proceedings in this court.
On September 1, 1992, the plaintiff sought an order that the defendant show cause why a motion for articulation and clarification should not be granted. The matter was scheduled for hearing on October 22, 1992. The defendant thereafter filed a motion to dismiss for lack of in personam jurisdiction with a supporting memorandum and the plaintiff filed his memorandum in opposition.
"It is axiomatic that there must be a basis for jurisdiction and sufficient notice to satisfy the constitutional requirements of due process for in personam jurisdiction." D'Occhio v. Conn. Real Estate Commission, 189 Conn. 162, 172
(1983). The due process clause of the 14th Amendment of the U.S. Constitution states that "no state shall . . . deprive any person of life, liberty or property, without the process of law." U.S. Const. Amend. XIV.
In an effort to determine what "due process" actually meant in the context of an action against a nonresident defendant the U.S. Supreme Court decided a series of cases beginning with International Shoe v. Washington, 326 U.S. 310
(1945). The Supreme Court in International Shoe focused on whether the nonresident had "sufficient minimum contacts with the forum state so that the assumption of jurisdiction by that CT Page 11675 state did not offend traditional notions of fair play and substantial justice." Id. Additionally, in Mullane v. Central Hanover Bank, 339 U.S. 306 (1950), the Supreme Court ruled that the defendant must be given reasonable notice of the proceedings in advance and a meaningful opportunity to be heard. The "reasonable notice" need not mean actual notice, but must be "reasonably calculated under the circumstances." Id. In Kulko v. Superior Court, 436 U.S. 84 (1978), the Supreme Court further ruled that the state legislature must have expressly elected to permit service of process on the nonresident via a "long arm" statute. And if there is such a long arm statute, it is fair to require that the defendant litigate in the forum state. Id.
The first issue to be addressed, then, is whether the Connecticut state legislature expressly elected to permit service of process on the nonresident via a "long arm" statute. Section 46b-46 (a) of the Connecticut General Statutes, Notice to nonresident party, states:
 On a complaint for dissolution, annulment or legal separation, if the defendant resides out of or is absent from the state or the whereabouts of the defendant is unknown to the plaintiff, any judge or clerk of the supreme court or of the superior court may make such order of notice as he deems reasonable. After the notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has actually received notice that the complaint is pending. If it does not appear that the defendant has had notice, the court may hear the case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with.
Section 46b-46(a) of the Connecticut General Statutes is a "long arm statute" which the Connecticut legislature expressly elected to permit service of process on the nonresident as deemed necessary in the Kulko case.
Counsel for the defendant in his brief has argued that46b-46(a), "applies to the initial complaint for dissolution, annulment or legal separation rather than post divorce CT Page 11676 proceedings for contempt." (Emphasis added.) The plaintiff's motion for articulation and clarification, however, is not a new "post divorce proceeding for contempt" for which no statutory authorization has been given but, rather, a "post divorce" explanation, an articulation, of the "initial" equitable action for divorce.
In Breed v. Breed, 11 C.L.T. No. 27, p. 8 (Super.Ct. 1984), the court ruled, "Equity jurisdiction once obtained in a divorce or dissolution proceeding will be retained for the purpose of administering complete relief." The court then added,
 It is a familiar principle that a court of equity, having acquired jurisdiction of the parties and of the subject matter, will retain and exercise such jurisdiction until the equities of all the parties are meted out to them.
Id., at 8.
In Breed, the parties returned to court ten (10) years after their marriage had been dissolved. The plaintiff was served in Maine with a contempt citation for nonsupport under the Connecticut judgment. The Connecticut court denied plaintiff's motion to dismiss based on a lack of minimum contacts and explained that, "The court's jurisdiction endures and empowers the court to act until its decrees are obeyed." Id., at 8. The plaintiff then moved for an articulation of its decision and, citing Spalding v. Spalding, 171 Conn. 220, 226
(1976), the court further ruled, "it is well settled that if the plaintiff in a suit for divorce satisfies the residency requirements at the time of commencing the proceedings, the court's jurisdiction will survive the change of domicile."
Counsel for the defendant additionally states that, "no statute . . . confers upon the court jurisdiction to clarify or articulate its orders more than six years after the entry of judgment." The court in Holcombe v. Holcombe, 22 Conn. App. 363,576 A.2d 1317, 1319 (1990), however, ruled that "there is no time restriction imposed on the filing of a motion for clarification." See Cattaneo v. Cattaneo, 19 Conn. App. 161,163, 561 A.2d 967 (1989) (motion for clarification six (6) and one half years after judgment). CT Page 11677
Counsel for the defendant has further stated that "In two recent Connecticut cases, court(s) have declined jurisdiction where neither party resided in Connecticut," for want of "minimal contacts." As counsel for the defendant correctly states, there have been three Connecticut post divorce Superior Court decisions where petitions were dismissed for lack of personal jurisdiction. These cases, however, are distinguishable from the case at bar.
In Everett v. Slosberg, 2 C.S.S.R. 595, 596 (1987), the court stated:
 Even though it could be argued that, once personal jurisdiction is acquired over the parties in a matrimonial matter, it is not lost by subsequent events, this position must be considered against the constitutional requirements of due process.
The court then dismissed the defendant's petition for lack of personal jurisdiction.
In Everett the couple was divorced on August 27, 1977, while both the plaintiff and defendant resided in Virginia. After the divorce, the plaintiff continued to reside in Virginia and at the time of the motion still did live in Virginia. The defendant, however, subsequently moved to Connecticut. On June 28, 1983, six years after the divorce, while the defendant was residing in Connecticut, the plaintiff had the divorce decree registered in Connecticut pursuant to 46b-71 of the General Statutes. In August of 1983 the plaintiff sought and was granted a modification of the prior order in reference to child support by the court in Connecticut. In March of 1986 the defendant moved to Maine where he is presently domiciled. The defendant then sought modification of the modification by the Connecticut court in 1983.
The plaintiff's only contacts with the State of Connecticut in Everett were the registration of her divorce decree from Virginia and an appearance when she had the decree modified in August of 1983. With the defendant having moved to Maine, the modification was equivalent to a new action contemplating new service and new issues. CT Page 11678
Similarly, in O'Riordan v. O'Riordan, 3 C.S.C.R. 896
(1988), the court ruled that, where both the defendant and plaintiff were no longer residents of Connecticut, a motion for contempt of alimony payments must be dismissed. The court stated:
 In deciding a motion to dismiss for lack of personal jurisdiction, the court first decides whether a statute authorizes the assertion of jurisdiction over the defendant, and then if the statutory requirements are met, it decides whether the exercise of personal jurisdiction over the defendant violates constitutional principles of due process.
The court's reasoning in O'Riordan was that a contempt action was equivalent to a new proceeding and, without a statutory authority permitting "long arm" jurisdiction, the court did not have the authority to proceed. This was also the reasoning of the court in Rochte v. Rochte, 7 Conn. L. Rptr. No. 20, 603 (December 14, 1992).
In the case at bar both the plaintiff and defendant resided in this state while they were married, the decree of dissolution was decided in Connecticut, and both could reasonably anticipate post judgment proceedings in Connecticut.
The integrity of our legal system is based upon the premise that parties to an action will receive a fair and equitable decision. Grounded within that premise is that an interpretation of such a decision should be performed by the court which ruled upon the case. Connecticut is the forum which granted the decree of dissolution and, thus, has the greatest interest in an articulation or clarification of that decree. Who else is in a better position to interpret the decision in this case than this court?
The motion to dismiss is denied. The court will hear the plaintiff's motion for articulation and clarification.
EDGAR W. BASSICK, III, JUDGE CT Page 11679