[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COMPLAINT AS IMPROPER UNDER CUTPA AND PROHIBITED BY STATUTE OF FRAUDS
On April 21, 1993 the plaintiff, Housatonic Lumber Company, filed a two count complaint against the defendant, Bridgeport Neighborhood Fund, Inc. In that complaint the plaintiff alleges the following facts: Between February 2, 1991 and September 27, 1991 the plaintiff sold building materials on account to David B. Chase for use in the redevelopment of property located at 71-105 Clinton Avenue, Bridgeport, Connecticut. After September 27, 1991 the plaintiff refused to furnish additional materials for the project due to an outstanding balance due and owing for the goods previously furnished. In November of 1991, however, the plaintiff and the defendant came to an agreement whereby the plaintiff would furnish additional materials for the project and the defendant would pay the plaintiff directly for the materials. The plaintiff subsequently performed its part of the agreement but the defendant CT Page 6967 refused to pay for a portion of the materials in the amount of $8,650.62. Count one of the complaint alleges breach of contract.
In count two the plaintiff alleges that it resumed supplying building materials to the defendant upon the latter's representation that an account had been established to safeguard payment. The plaintiff further alleges that this representation was false. Accordingly, count two of the complaint claims a violation of CUTPA, General Statutes 42-110a, et seq.
On May 28, 1993 the defendant filed a motion to strike the first count of the complaint on the ground that it violates the Statute of Frauds, General Statutes 52-550(a)(2); the second count of the complaint on the ground that CUTPA, General Statutes 42-110a, et seq., does not apply to lenders; and both counts of the complaint for failure to join an indispensable party. Attached to that motion to strike is a supporting memorandum of law.
On June 24, 1993 the plaintiff filed a memorandum in objection to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In considering [a] ruling upon a motion to strike [courts] are limited to the facts alleged in the complaint"; King v. Board of Education of the Town of Watertown, 195 Conn. 90, 93,486 A.2d 1111 (1985); "and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 576 A.2d 149 (1990), quoting Fraser v. Henninger,173 Conn. 52, 60, 376 A.2d 426 (1977). The test for deciding whether to grant a motion to strike is "whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings and Loan Ass'n. v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985). When courts undertake this kind of analysis they "take the facts alleged in the complaint and construe them in a manner [that is] most favorable to the pleader." Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137, 140, 492 A.2d 548 (1985). And if "the facts provable under that complaint would support a . . . cause of action," the motion to strike should be denied. Mingachos v. CBS, Inc., supra, 108-09.
In its memorandum of law the defendant argues that the agreement alleged by the plaintiff was not in writing and is, hence, violative of the Statute of Frauds and unenforceable. CT Page 6968
In its memorandum of law the plaintiff argues that the motion to strike count one of the complaint should be denied because 1) the Statute of Frauds may not be raised by way of a motion to strike; 2) the alleged agreement is not within the Statute of Frauds; and 3) the plaintiff sufficiently alleged part performance.
General Statutes 52-550(a)(2) states in pertinent part:
 No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charges: . . . against any person upon any special promise to answer for the debt, default or miscarriage of another. . . .
"The statute does not make agreements not made in this way invalid, but prevents their proof unless by such a writing." Scinto v. Clericuzio, 1 Conn. App. 566, 567, 474 A.2d 102 (1984), citing Fisk's Appeal, 81 Conn. 433, 438, 71 A. 559 (1908).
 Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed is a primary one that the contract shall be performed.
Bartolotta v. Calvo, 112 Conn. 385, 389, 152 A. 306 (1930).
Furthermore,
 `[a] contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order to benefit the third person.' (Citation omitted.) The `main purpose' or `leading object' rule, which defines when an undertaking is original rather than collateral, is an exception of long standing to the statute of frauds' guaranty provision. CT Page 6969
Otto Contracting Co. v. Schinella Son, Inc., 179 Conn. 704, 710,427 A.2d 856 (1980).
In the present case, the plaintiff alleges in count one of the complaint, that it "sold materials on account to David B. Chase for use in the redevelopment of the properties located at 71-105 Clinton Avenue." (Complaint, Count One, para. 4). The plaintiff further alleges that it "refused to furnish additional materials to said project due to an outstanding balance then due and owing for goods thus far furnished to said project." (Complaint, Count One, para. 5). The plaintiff finally alleges that the plaintiff and the defendant "reached an agreement whereby the plaintiff would furnish additional materials and supplies to said project, and the defendant would disburse payments directly to the plaintiff for said materials." (Emphasis added.) (Complaint, Count One, para. 6).
The court finds count one barren of any allegation that the defendant collaterally undertook to pay the plaintiff in the event of a default on the part of David B. Chase. Based upon the allegations as set forth in paragraphs four, five and six of count one of the complaint, the plaintiff is asserting a primary obligation flowing directly from the defendant to the plaintiff. Since this is the type of agreement that falls outside of the Statute of Frauds, General Statutes 52-550(a)(2), the motion to strike count one of the complaint should be denied.
The defendant next argues that since the defendant loaned money to the plaintiff and since CUTPA, General Statutes 42-110a, et seq., does not apply to banks, count two of the complaint should also be stricken.
The plaintiff argues that since it never alleged that the defendant was a bank and since the agreement at issue is not the type of banking activity proscribed in CUTPA, the motion to strike count two of the complaint is denied.
General Statutes 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "The issue of whether CUTPA applies to banks has not been addressed by an appellate court." Peterson v. People's Bank,1 Conn. L. Rptr. 73, 75 (December 5, 1989, Freed, J.). Nevertheless, "[w]hile there is no Appellate Court decision in Connecticut addressing the above issue, there has been a split of authority at the trial court CT Page 6970 level." Horowitz v. Connecticut National Bank, 8 Conn. L. Rptr. 99. (December 11, 1992, Thompson, J.). There are decisions which fall on both sides of the ledger.[1]
Although the plaintiff does not allege in the instant case that the defendant is a bank, the defendant asserts that CUTPA does not apply to lenders. (Emphasis added.) Furthermore, the defendant supports that proposition with cases holding that CUTPA does not apply to banks. (Emphasis added.) Since the plaintiff does not make the allegation that the defendant is a bank, the defendant's reliance on case law which holds that CUTPA does not apply to banks is misplaced. Furthermore, this court finds that the allegations of misrepresentation set out in the second count comport with conduct prohibited by CUTPA. Accordingly, defendants motion to strike count two of the complaint is denied.
The defendant argues lastly that since the plaintiff sold materials to David B. Chase, which benefitted [benefited] 71-105 Clinton Avenue Properties, Inc., those parties are necessary for a complete adjudication of the plaintiff's claim; and since the plaintiff failed to join those parties in this action, the court should strike both counts of the complaint for failure to join a necessary party.
Certainly a plaintiff may select the party which it deems liable and financially responsible so as to be a defendant in a contract action. Given the allegations of the complaint, this court finds that David Chase and 71-105 Clinton Avenue Properties, Inc. are not indispensably necessary parties to this action. This finding does not prohibit the defendant from seeking their inclusion in this proceeding.
For the foregoing reasons the Motion to Strike is denied.
Clarance J. Jones, Judge.