JOHANNA C. NEWMAN *v.* FRED M. NEWMAN
(13088)

FOTI, LANDAU and SCHALLER, Js.

Argued June 2—decision released August 16, 1994

*Sharon Wicks Dornfeld,* for the appellants (minor children).

*William B. Barnes,* with whom, on the brief, was *Sheila K. Rosenstein,* the appellee (defendant).

FOTI, J. This appeal arises out of a prolonged and acrimonious dissolution proceeding. During that proceeding, the plaintiff requested that counsel be appointed for the two minor children, one born in 1983, and the other born in 1987. Attorney Sharon Dornfeld was so appointed pursuant to General Statutes § 46b-54. On March 26, 1993, judgment was rendered dissolving the parties' marriage. The plaintiff was granted sole custody of the children and permission to relocate to North Carolina. The defendant was ordered

to pay $300 per week in child support. Other financial and property orders were also entered by the trial court.

In September, 1993, the defendant, claiming to have lost his job on July 31, 1993, filed a motion seeking modification of the order of child support. No objection to this motion was filed. No motion was filed requesting that the minor children be permitted to intervene as parties either in the prior dissolution proceeding or in this postjudgment modification of support proceeding. On November 15, 1993, the trial court granted the defendant's motion, ordering that the child support be reduced to zero. The order was made retroactive to September 16, 1993.

Counsel for the children appealed on December 6, 1993, challenging the granting of the defendant's motion for modification of child support. The minor children, through counsel, claim that the trial court improperly (1) refused to permit their counsel to participate in the defendant's modification hearing, and (2) failed to consider the proper statutory criteria.

As a preliminary matter, we must determine whether this appeal is properly before us as brought by counsel for the minor children, acting only in that capacity and not as a guardian ad litem or a next friend. On January 26, 1994, the defendant moved to dismiss the appeal claiming that this court lacked subject matter jurisdiction. He contended that the minor children lacked standing to appeal, as they were not parties to the dissolution action and that, due to their status as minors, they could appeal only through a guardian or next friend.[1] On February 15, 1994, counsel for the minor

---

[1] The defendant also raised several policy concerns. He argued that an appeal such as this pits the children against the parents, violating the doctrine of parental immunity. Further, he raised the question of the cost of appellate adjudication, contending that the parents' financial resources are

children filed an untimely objection to the motion to dismiss. The defendant's motion to dismiss was denied without prejudice to being raised at oral argument. The parties were ordered to file supplemental briefs and to be prepared to argue the question of standing.

Limitations and restrictions often may be imposed on the activities of minor children because of their lack of mature judgment. Children, like incompetents,[2] do not have the legal capacity to bring actions in their own names, but may do so only through an authorized representative. "The law does not deprive a person adjudicated incompetent of access to the courts . . . rather, provision is made to ensure that such interests are well represented." *Cottrell* v. *Connecticut Bank & Trust Co.,* 175 Conn. 257, 261, 398 A.2d 834 (1978). "[T]he purpose of providing representation is to ensure that the legal disability imposed will not undermine adequate protection of a ward's interest." Id., 264.

In the context of a dissolution proceeding, the interests of minor children may be protected pursuant to General Statutes § 46b-54 (a), which states, "[t]he court may appoint counsel for any minor child or children of either or both parties at any time after the return day of a complaint under section 46b-45, if the court deems it to be in the best interests of the child or children." Once appointed, counsel for the child or children "shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child." General Statutes § 46b-54 (c). It is not disputed that the interests of the children are represented by appointed counsel at the discretion of the trial court.

already strained and to require the payment of counsel fees for the minor children to appeal would be unduly burdensome.

[2] Legal disability of an incompetent is analogous to that of a minor. See *Brown* v. *Eggleston,* 53 Conn. 110, 119, 2 A. 321 (1885).

The minor children, while claiming an independent interest in the order granting child support, can point to no authority that would permit them to prosecute this action in their own names, without either the appointment of a guardian ad litem, or through a next friend or prochein ami. "It is well established that a child may bring a civil action only by a guardian or next friend . . . ." *Orsi* v. *Senatore*, 230 Conn. 459, 466, 645 A.2d 986 (1994). Actions and appeals may be commenced by an infant only by a guardian ad litem or by a next friend. *Williams* v. *Cleveland*, 76 Conn. 426, 432, 56 A. 850 (1904).

Counsel for the minor children concedes that she was never appointed as guardian ad litem for the children pursuant to General Statutes § 45a-132,[3] nor did she

---

[3] General Statutes § 45a-132 provides: "APPOINTMENT OF GUARDIAN AD LITEM FOR MINORS AND INCOMPETENT, UNDETERMINED AND UNBORN PERSONS. (a) In any proceeding before a court of probate or the superior court including the family support magistrate division, whether acting upon an appeal from probate or otherwise, the judge or magistrate may appoint a guardian ad litem for any minor or incompetent, undetermined or unborn person, or may appoint one guardian ad litem for two or more of such minors or incompetent, undetermined or unborn persons, if it appears to the judge or magistrate that one or more persons as individuals, or as members of a designated class or otherwise, have or may have an interest in the proceedings, and that one or more of them are minors, incompetent persons or persons undetermined or unborn at the time of the proceeding.

"(b) The appointment shall not be mandatory, but shall be within the discretion of the judge or magistrate.

"(c) Any order or decree passed or action taken in any such proceeding shall affect all the minors, incompetent persons or persons thereafter born or determined for whom the guardian ad litem has been appointed, in the same manner as if they had been of the age of majority and competent and present in court after legal notice at the time of the action or the issuance of the order or decree.

"(d) Any appointment of a guardian ad litem may be made with or without notice and, if it appears to the judge or magistrate that it is for the best interests of a minor having a parent or guardian to have as guardian ad litem some person other than the parent or guardian, the judge or magistrate may appoint a disinterested person to be the guardian ad litem.

"(e) When the appointment is made in connection with the settlement of a decedent's estate or the settlement of the account of a trustee or other

commence this appeal, or declare her intention to appear and prosecute this appeal as a next friend of the children. To serve as next friend, "no previous appointment by the court is required, and the prochein ami named in the writ is permitted to appear and prosecute in the infant's name, though if [the next friend] is not a proper person or fails to properly discharge his duties, the court may remove him and appoint another person in his place." *McCarrick* v. *Kealy,* 70 Conn. 642, 646, 40 A. 603 (1898). Without a clear expression of the capacity in which counsel for the minor children initiates the action, her fitness in that role cannot be properly determined. The role of counsel for the child, in some circumstances, may be incompatible with that of guardian ad litem or next friend. Counsel for the minor children admits that the best interests of the child may sometimes conflict with the expressed wishes of the child, which the child's attorney, as a zealous advocate, would probably be bound to pursue.[4] This appeal, brought in the name of the minor children, without a next friend or the appointment of a guardian ad litem, is improper.

We note that the bringing of an action for the minor child without the aid of a next friend or guardian ad

fiduciary, the person so appointed shall be authorized to represent the minor or incompetent, undetermined or unborn person in all proceedings for the settlement of the estate or account and subsequent accounts of the trustee or other fiduciary, or until his appointment is terminated by death, resignation or removal.

"(f) The guardian ad litem may be removed by the judge or magistrate which appointed him, without notice, whenever it appears to the judge or magistrate to be in the best interests of the ward or wards of the guardian.

"(g) Any guardian ad litem appointed under the provisions of this section may be allowed reasonable compensation by the judge or magistrate appointing him and shall be paid as a part of the expenses of administration."

[4] Our Supreme Court has noted that representing the interests of a child creates practical problems for an attorney and difficulties in delineating the obligations and limitations of the role of counsel. *Knock* v. *Knock,* 224 Conn. 776, 791, 621 A.2d 267 (1993).

litem is "an amendable irregularity which could be waived." *Collins* v. *York,* 159 Conn. 150, 154, 267 A.2d 668 (1970). The defendant in this case, however, has not waived his objection. In addition, "[a] litigant cannot wholly ignore established procedures for the protection of [its] rights . . . and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." (Internal quotation marks omitted.) *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 302, 552 A.2d 827 (1989). We will not "entirely disregard the established rules of procedure, *adherence to which is necessary so that the parties may know their rights* and the real issues in controversy may be presented and determined." (Emphasis added.) *Cersosimo* v. *Cersosimo,* 188 Conn. 385, 393, 449 A.2d 1026 (1982). The record does not suggest any consideration that would require us to disregard the procedural defect.

Our Supreme Court has stated that a procedure initiated to protect the interest of an incompetent or a child should not be utilized to hinder that person in obtaining a review of any action involving his rights. *Cottrell* v. *Connecticut Bank & Trust Co.,* supra, 175 Conn. 264–65. The court in *Cottrell,* noting "that the legal disability of an incompetent is analogous to that of a minor"; id., 264; held that a child could bring an action by a next friend even when that child already had a guardian ad litem. There is no indication therein, however, that a minor child may bring an action or prosecute an appeal without *either* a next friend or an appointed guardian ad litem. The court in *Cottrell* held that the trial court was not in error in sustaining the defendant's plea in abatement since the plaintiff did not bring her appeal to the Superior Court either by guardian ad litem or by next friend. Id., 265. A minor may bring a civil action only by a guardian or next friend. *Orsi* v. *Senatore,* supra, 230 Conn. 466; *Collins*

v. *York,* supra, 159 Conn. 153; *Lametta* v. *Connecticut Light & Power Co.,* 139 Conn. 218, 220, 92 A.2d 731 (1952); *Tulin* v. *Tulin,* 124 Conn. 518, 522, 200 A. 819 (1938). We conclude that this appeal has not been brought properly because court-appointed counsel cannot prosecute this appeal on behalf of the children. Consequently, we do not reach the issue of whether the children were aggrieved by the decision determining their support and whether they were, or must be, parties to the action in order to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.