[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 3, 1993, the plaintiffs, Frank and Teresa Spoto, CT Page 1327 filed a thirteen count complaint against the defendants, City of Stamford (Stamford), Stamford Water Company, and Glenbrook Towers Condominium Association. The plaintiffs allege a highway defect in counts one, negligence in counts two and eight, public nuisance in counts three and nine, public nuisance arising out of negligence in counts four and ten, and loss of consortium in counts five, six, seven, eleven, twelve and thirteen. The plaintiffs allege in the complaint that Frank Spoto (plaintiff) was walking south on the public sidewalk adjacent to Glenbrook Road when, in front of 87 Glenbrook Road, Spoto fell and sustained injuries.
Stamford has now filed a motion (#128) to dismiss or stay the action on the ground of the plaintiff's incompetence. "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Stamford argues that a motion for a protective order was filed after the defendant attempted to take the plaintiff's deposition, based on the plaintiff's alleged incompetence to testify. Therefore, Stamford contends that the action should be dismissed due to the lack of a proper plaintiff.
Incompetents "do not have the legal capacity to bring actions in their own names, but may do so only through an authorized representative. `The law does not deprive a person adjudicated incompetent of access to the courts . . . rather, provision is made to ensure that such interests are well represented.'" Newman v.Newman, 35 Conn. App. 449, 451, 646 A.2d 885 (1994); see alsoCottrell v. Connecticut Bank Trust Co., 175 Conn. 257, 261,398 A.2d 307 (1978). Nevertheless, "even one whose thought processes are impaired to the extent of being insane has a legal capacity to sue or be sued, provided he has not been formally adjudicated an incompetent and placed under the guardianship of another. . . . The court may, as the circumstances warrant, appoint a guardian ad litem to ensure that the interests of the person who may be incompetent are adequately protected." (Citations omitted.)Ridgeway v. Ridgeway, 180 Conn. 533, 539, 429 A.2d 801 (1980).
In the present case the plaintiff's incompetence has not been determined by the court. Since the plaintiff has not been adjudicated incompetent, Stamford's motion to dismiss is denied. CT Page 1328
Stamford contends that its motion to stay should be granted pending determination of the plaintiff's competency and appointment of conservator should the plaintiff be adjudged incompetent. The plaintiff responds that the process of having a conservator appointed has been initiated in the Westchester County Surrogates Court. The plaintiff also responds that he has no objection to the stay, but requests attorney Michael Larobina should a guardian ad litem be appointed by the court.
"`In the absence of a statutory mandate, the granting of an application or a motion for a stay of an action or proceeding is addressed to the discretion of the trial court, and its action in granting or denying application will not be disturbed by an Appellate Court unless that discretion has been abused.'"Voluntown v. Rytman, 21 Conn. App. 275, 287, 573 A.2d 336, cert. denied, 215 Conn. 818, 576 A.2d 548 (1990).
Stamford's motion to stay the action is denied as the procedures for a hearing, and the voluntary and involuntary appointment of a representative, are governed by General Statutes §§ 45a-646 through 45a-650, which require application to be made in the probate court where the person in question resides. Stamford has not followed the established procedures to determine incompetency. Accordingly, its motion for stay is denied.
Plaintiff's motion #126 for preclusion pending deposition is denied. General Statutes § 52-175(a).
So Ordered.
Dated at Stamford, Connecticut, this 8th day of February, 1995.
WILLIAM B. LEWIS, JUDGE