[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Johanna C. Newman, filed a complaint for dissolution of marriage and other relief against the defendant, Fred M. Newman, on September 17, 1991. On March 26, 1993, judgment was rendered by the court (Hull, J.) dissolving the marriage. "The plaintiff was granted sole custody of the children and permission to relocate to North Carolina." Newman v. Newman,35 Conn. App. 449, 646 A.2d 885 (1994). "During that proceeding, the plaintiff requested that counsel be appointed for the two minor children, one born in 1983, and the other born in 1987. Attorney Sharon Dornfeld was so appointed pursuant to General Statutes 46b-54." Id. The court (Hull, J.) ordered that the parties compensate Attorney Dornfeld for the time she expended on the case on behalf of the children.
On November 14, 1994, Attorney Dornfeld filed a motion for attorney's fees in the amount of $652 plus 62¢ for out-of-pocket expenses related to the appeal of this matter. On December 2, 1994, the defendant filed a motion to dismiss the motion for attorney's fees based on the fact that he had moved from Connecticut to New York during the pendency of the case and, therefore, the court lacked personal jurisdiction over him. In his memorandum in support of the December 2 motion, he argued that the motion was never personally served on him and, as a result, the court had no power to entertain the motion. On December 5, 1994, the court (Moraghan, J.) granted Attorney CT Page 8438 Dornfeld's motion and ordered that the defendant pay the amount in full on or before January 5, 1995. On December 19, 1994, the court (Moraghan, J.) denied the defendant's motion to dismiss, finding that the defendant received actual notification of the motion and that the court had personal jurisdiction over him.
An additional order concerning Attorney Dornfeld's compensation for work related to the trial proceedings in the case was filed by the court (Hull, J.) on March 31, 1993, pursuant to General Statutes, Sec. 46b-62, requiring the defendant to pay Attorney Dornfeld a fee of $5,000 by March 31, 1995. Attorney Dornfeld alleges that the defendant never complied with the fee orders of Moraghan, J. and Hull, J. On March 27, 1995, as a result of the defendant's non-compliance with the December 5, 1994 order of Moraghan, J., Attorney Dornfeld filed a motion for contempt. On April 4, 1995, as a result of the defendant's non-compliance with the March 31, 1993, effective March 31, 1995, order of Hull, J., Attorney Dornfeld filed a second motion for contempt. Both motions prayed for the court to adjudge the defendant in contempt, incarcerate him until he purged himself of the contempt, award interest on the two attorney's fees awards and award counsel fees to Attorney Dornfeld as a result of her having to pursue the motions.
On May 19, 1995, the defendant filed a motion to dismiss the motion for contempt based on this court's alleged lack of jurisdiction over his person since he now resides in New York. On May 22, 1995, Attorney Dornfeld filed an objection to the defendant's motion to dismiss, arguing that the long-arm service accomplished by the New York authorities was sufficient to bring the defendant before this court. On May 31, 1995, the defendant filed a reply to Attorney Dornfeld's objection.
The purpose of a motion to dismiss is to contest the court's jurisdiction over the defendant's person. Practice Book, Secs. 142, 143(2). "A motion to dismiss will be denied where a plaintiff is able to make a prima facie showing that defendant's conduct was Sufficient for a court to exercise personal jurisdiction." Vitale Fireworks Display Co. v. S. Mantsuna Co.,Ltd., 12 Conn. L. Rptr. 579 (October 31, 1994) (Pickett, J.), citing In re Connecticut Asbestos Litigation, 677 F. Sup. 70, 72
(D.Conn. 1986). Further, "every presumption is to be indulged in favor of jurisdiction." LeConche v. Elligers, 215 Conn. 701, 710,579 A.2d 1 (1990). CT Page 8439
The defendant contends that since he moved to New York during the pendency of this action, the court now lacks personal jurisdiction over him with respect to the motion for contempt. This position is contrary to case law. "`In the absence of an express statutory provision to the contrary, it is well settled that if the . . . [defendant] in a suit for a divorce satisfies the residency requirements at the time of commencing proceedings, the court's jurisdiction will survive the. . . [defendant's] change of domicil.'" Spalding v. Spalding, 171 Conn. 220, 226,368 A.2d 14 (1976). This position has been followed recently by other judges of the Superior Court.
In Bailey v. O'Neill, 8 Conn. L. Rptr. 99 (December 10, 1992) (Karazin, J.), the court wrote that "[i]t is clear that the general rule in Connecticut is that personal jurisdiction, once acquired is not lost or divested by subsequent events or actions of the parties." In Bailey, both parties resided out of state and returned to the court periodically for post-judgment matters. The defendant had moved the court to modify the divorce decree as it related to custody issues, and the plaintiff had filed a motion to dismiss the defendant's motion for modification. The court found that personal jurisdiction over the plaintiff had not been divested by virtue of her moving to Washington, D.C. from Connecticut after the dissolution decree was entered. As a result, the court denied the plaintiff's motion to dismiss and modified the decree. Id.
In finding that jurisdiction had not been displaced, theBailey court relied on Judge Coppeto's decision in Alfieri v.O'Hara, 5 Conn. L. Rptr. 63 (October 1, 1991) (Coppeto, J.). In denying the defendant's motion to dismiss the plaintiff's 1992 motion for modification and contempt, related to a dissolution order entered in 1982, the court noted that it "had jurisdiction over the defendant in the dissolution proceeding. The defendant has had actual notice of the pending of these motions, the defendant was directly and personally served in Illinois with the application and order of notice and copies of the motions as ordered by the court." Id., 63-64. The plaintiff, at the time, resided in Massachusetts. Id., 63. As a result of the court's "continuing jurisdiction" in the matter and the effectuation of service on the defendant, the court held that it continued to maintain personal jurisdiction over the defendant with regard to the motion for modification and contempt. Id., 63-64, citingSpalding v. Spalding, supra, 171 Conn. 226. CT Page 8440
In Breed v. Breed, 11 Conn. L. Trib. No. 27, p. 8 (Super. Ct., December 13, 1984) (DeMayo, J.), "the defendant applied for a rule to show cause why the plaintiff should not be found in contempt for his failure to obey the terms of the 1974 decree." The defendant was personally served with the motion in Maine. The defendant filed a motion to dismiss based on the court's lack of personal jurisdiction. Id. The court held that since the proceeding was equitable in nature, "[e]quity jurisdiction once obtained in a divorce or dissolution proceeding will be retained for the purpose of administering complete relief." Id., citingPasquariello v. Pasquariello, 168 Conn. 579, 585, 362 A.2d 835
(1975). "The court's jurisdiction endures and empowers the court to act until its decrees are obeyed." Id., citing 2 E. Stephenson, Connecticut Civil Procedure, Sec. 224, p. 962 (Sup. 1981). The Breed court continued by indicating that "it would be ironic if this court could enter orders against non-appearing out of state residents, but could not enforce its orders against a party who leaves Connecticut after judgment is entered." Id. As a result the court denied the defendant's motion to dismiss.
The court finds that the fads of this case are similar to and, in many respects, more compelling than those present inBailey, Alfieri and Breed. Here, both parties lived in Connecticut during their marriage. Both parties also lived in Connecticut through the date of the judgment entered by Hull, J., on March 26, 1993. The Appellate Court, on August 16, 1994, rendered a decision in an appeal of this matter, in which the defendant submitted briefs and participated at oral argument.Newman v. Newman, supra, 35 Conn. App. 449. On April 25, 1995, the defendant was personally served with the motion for contempt in New York and had actual knowledge of the pendency of the motion. Further, unlike the Bailey, Alfieri and Breed cases, the court finds that the defendant has had active participation in this case within the past year and continues to retain an attorney with an appearance in the file. The court's continuing jurisdiction in this case is appropriate since "both the plaintiff and defendant resided in this state while they were married, the decree of dissolution was decided in Connecticut, and both could reasonably anticipate post judgment proceedings in Connecticut." Cockcroft v. Cockcroft, 8 CSCR 142, 143 (December 30, 1992) (Bassick, J.).
The court retains continuing jurisdiction in this matter;Alfieri v. O'Hara, supra, 5 Conn. L. Rptr. 63-64; to enforce its equitable decrees; Breed v. Breed, supra, 11 Conn. L. Trib. No. CT Page 8441 27, p. 8.
Accordingly, the defendant's motion to dismiss is denied.
Riefberg, J.