[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants move to dismiss this case on the ground that the plaintiff is a minor child who lacks capacity to commence a legal action. It is not disputed that when this action was commenced the named and only plaintiff was seven years of age. "Children . . . do not have the legal capacity to bring actions in their own names, but may do so only through an authorized representative. Newman v. Newman, 35 Conn. App. 449, 451. An action brought in the name of a minor child without a next friend or appointment of guardian ad litem is improper and must be dismissed. Id, at 453.
The plaintiff has moved to substitute a party in an attempt to cure this defect. But, once the issue of the Court's subject matter jurisdiction is raised by a motion to dismiss, the court must address the issue before proceeding with any other motion.Gurliacci v. Mayer, 218 Conn. 531, 545.
Because the plaintiff does not have standing to bring this action and the Court accordingly lacks subject matter jurisdiction, the motion to dismiss the case is granted. CT Page 10663
So ordered,
John J. Langenbach, Superior Court Judge