## JOHANNA C. NEWMAN *v.* FRED M. NEWMAN
## (15069)

Peters, C. J., and Callahan, Borden, Berdon and Katz, Js.

Argued April 25—decision released August 15, 1995

*Sharon Wicks Dornfeld*, for the appellants (minor children).

*William B. Barnes*, with whom, on the brief, was *Sheila K. Rosenstein*, for the appellee (defendant).

BORDEN, J. The sole issue in this certified appeal is whether, in a marriage dissolution case, minor children who are represented by an attorney appointed by the trial court pursuant to General Statutes § 46b-54,[1] but not by a guardian ad litem or next friend, may appeal from a judgment of the trial court concerning the support obligations of the children's parents.[2] The minor children appeal, following our grant of certification,[3] from the judgment of the Appellate Court dismissing their appeal from the judgment of the trial court, which had modified the support obligation of the defendant, who is the father of the minor children, to zero dollars. The Appellate Court dismissed the appeal because it concluded that the attorney for the minor children could not prosecute the appeal on behalf of the children. We conclude that, under certain limited circumstances outlined herein, minor children may appeal from such a trial court judgment. Accordingly, we reverse the judg-

[1] General Statutes § 46b-54 provides: "Counsel for minor children. Duties. (a) The court may appoint counsel for any minor child or children of either or both parties at any time after the return day of a complaint under section 46b-45, if the court deems it to be in the best interests of the child or children. The court may appoint counsel on its own motion, or at the request of either of the parties or of the legal guardian of any child or at the request of any child who is of sufficient age and capable of making an intelligent request.

"(b) Counsel for the child or children may also be appointed on the motion of the court or on the request of any person enumerated in subsection (a) of this section in any case before the court when the court finds that the custody, care, education, visitation or support of a minor child is in actual controversy, provided the court may make any order regarding a matter in controversy prior to the appointment of counsel where it finds immediate action necessary in the best interests of any child.

"(c) Counsel for the child or children shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child."

[2] Thus, in this case we reach and decide the issue that we found unnecessary to decide in *Knock* v. *Knock*, 224 Conn. 776, 777 n.1, 621 A.2d 267 (1993) ("[b]ecause the minor child's claims on appeal are also raised by the plaintiff, we need not decide whether the minor child is a party to this action and capable of individually appealing").

[3] *Newman* v. *Newman*, 231 Conn. 928, 648 A.2d 879 (1994).

ment of the Appellate Court, and remand the case for further proceedings for the trial court to determine whether those circumstances are present in this case.

The prior procedural history and facts are undisputed. The plaintiff, Johanna C. Newman,[4] and the defendant, Fred M. Newman, who were married in 1981, have two minor children, a daughter born on August 16, 1983, and a son born on May 20, 1987.

In September, 1991, the plaintiff brought this dissolution action, and the defendant filed a cross complaint, both claiming custody of the children, support, alimony and a property distribution. In March, 1992, attorney Sharon Wicks Dornfeld was appointed by the court pursuant to § 46b-54; see footnote 1; to represent the minor children. In March, 1993, the trial court, *Hon. T. Clark Hull*, state trial referee, after what it described as an "almost incredibly bitter battle between the parties," rendered a judgment dissolving their marriage. In addition to orders of property distribution and nominal alimony to be paid by the defendant to the plaintiff, the court awarded custody of the minor children to the plaintiff, with certain visitation rights in the defendant. The plaintiff was permitted to move with the children to North Carolina. The court also ordered the defendant to pay child support for the two children in the amount of $300 per week.

Thereafter, in September, 1993, the defendant filed a motion to modify the judgment by reducing the amount of child support "in accordance with the child support guidelines presently in effect, and in accordance with his income."[5] The basis of the motion was that, on or about July 31, 1993, he had lost his only

---

[4] The plaintiff has not participated in this appeal.

[5] The defendant had appealed from the judgment of the trial court, *Hull, J.*, and that appeal was pending at the time of the hearing on the motion to modify in this case. The defendant subsequently withdrew that appeal.

source of income, a consulting position, and that, although he had applied for unemployment benefits, he had not received confirmation that he would be awarded any such benefits.

The defendant's motion for modification was heard by the trial court, *Mihalakos, J.*, on November 15, 1993. The plaintiff's counsel represented to the court that the plaintiff was residing in North Carolina, that he had explained to her by telephone the previous week that the matter would proceed, that the plaintiff was "without funds . . . to come to Connecticut to defend" against the motion, and that "apparently we are going to have to proceed in her absence." Moreover, the plaintiff's counsel informed the court that he did not have a financial affidavit of the plaintiff, and that he did not know what she was earning because he had "not ask[ed] her." When the defendant's counsel represented to the court that the defendant was relying on the fact that, although he then was receiving unemployment compensation, he was "not working at all," and that the defendant did not rely at all for his motion on "any of [the plaintiff's] income," the trial court instructed the defendant to proceed.

The defendant testified that he had lost his last job at the end of July, and that he was receiving $325 per week as unemployment compensation from the state of New Jersey. He also testified that, because he had suffered a heart attack on October 17, 1993, on his physician's advice he had not sought employment since he had been released from the hospital approximately two weeks earlier. After cross-examination by the plaintiff's counsel, the trial court found, from the defendant's financial affidavit, that he had a net weekly income of approximately $150.[6] Applying the child support guide-

---

[6] The defendant's financial affidavit disclosed deductions from his weekly unemployment compensation of $65 in income taxes, and $110 in court-ordered health insurance payments.

lines, the court granted the defendant's motion, reducing his support obligation to zero dollars.

At that point, the children's counsel sought to be heard regarding the support obligation. The court denied her request.[7] The children did not seek, through their counsel, the appointment of a guardian ad litem for purposes of taking an appeal, nor did their counsel take an appeal as their next friend. Instead, the minor children, represented by Dornfeld, appealed from the modification of the judgment to the Appellate Court, claiming that the trial court had improperly: (1) refused to permit the children's attorney to participate in the hearing; and (2) failed to consider certain statutory criteria regarding support for minor children.

The Appellate Court ultimately dismissed the minor children's appeal, on the ground that the "appeal, brought in the name of the minor children, without a next friend or the appointment of a guardian ad litem, is improper."[8] *Newman* v. *Newman*, 35 Conn. App. 449, 453, 646 A.2d 885 (1994). Reasoning that, although the lack of a guardian ad litem or next friend for purposes of a minor child's appeal is an amendable and waivable irregularity, the irregularity neither had been cured by amendment nor waived by the defendant in

---

[7] The following colloquy took place: "Ms. Dornfeld: I did have a few questions for Mr. Newman on cross that I had not—

"The Court: About what?

"Ms. Dornfeld: About his financial affidavit.

"The Court: Why? You represent the children.

"Ms. Dornfeld: Yes, Your Honor, and—

"The Court: Denied. You may take an appeal from that."

[8] The defendant had moved to dismiss the appeal, claiming that the Appellate Court had no subject matter jurisdiction because of the lack of either a guardian ad litem or next friend. The defendant "contended that the minor children lacked standing to appeal, as they were not parties to the dissolution action and that, due to their status as minors, they could appeal only through a guardian [ad litem] or next friend." *Newman* v. *Newman*, 35 Conn. App. 449, 450, 646 A.2d 885 (1994). The court denied the motion to dismiss without prejudice to the defendant's raising it at oral argument. Id., 451.

this case. Id., 453–54. Thus, the court concluded that "this appeal has not been brought properly because court-appointed counsel cannot prosecute this appeal on behalf of the children." Id., 455. Accordingly, the court dismissed the appeal. Id.

We granted the minor children's petition for certification, limited to the following issue: "Did the Appellate Court properly conclude that minor children, acting through counsel appointed pursuant to General Statutes § 46b-54 and not through a guardian ad litem or next friend, lack standing to appeal from a trial court's order regarding their support?" *Newman* v. *Newman*, 231 Conn. 928, 648 A.2d 879 (1994). This appeal followed.

We note, initially, that our phrasing of this certified question was improper. The Appellate Court did not conclude that the minor children *lacked standing to appeal.*[9] Although lack of standing, and thus lack of subject matter jurisdiction, had been one of the bases of the defendant's motion to dismiss, it was not the basis of the Appellate Court's dismissal. Because on certification our focus is generally on the judgment of the Appellate Court; see *State* v. *Gilbert*, 229 Conn. 228, 246, 640 A.2d 61 (1994); we rephrase the certified question as follows: "Did the Appellate Court properly conclude that an appeal by minor children, acting through counsel appointed pursuant to § 46b-54 and not through a guardian ad litem or next friend, is improper and is thus subject to dismissal?"

The minor children raise several closely related arguments in support of their right to appeal in their own name. First, they argue that "[t]here is ample precedent in Connecticut for considering children to be 'parties'

---

[9] Indeed, the Appellate Court specifically did "not reach the issue of whether the children were aggrieved by the decision determining their support and whether they were, or must be, parties to the action in order to appeal." *Newman* v. *Newman*, supra, 35 Conn. App. 455.

in proceedings affecting their custody and care." They point to certain statutes, which provide for the protection of children's interests; see, e.g., General Statutes § 46b-56 (b) (requiring court, in making or modifying any order with respect to custody or visitation, to consider wishes of child, if child is of sufficient age and capable of forming intelligent preference); General Statutes § 46b-57 (requiring court, in making any order granting custody to third party, to consider the wishes of child, if child is of sufficient age and capable of forming intelligent preference); General Statutes § 46b-55 (b) (child, or his representative, born during marriage but not issue of marriage may bring paternity action); General Statutes § 46b-37 (joint duty of each spouse to support his or her family); General Statutes § 46b-84 (following annulment or dissolution of marriage, parents of minor child shall maintain child according to their respective abilities, if child is in need of maintenance); General Statutes § 46b-215 (a) (child can bring petition for orders of support); General Statutes § 46b-54 (a) (court may appoint counsel to represent minor children in dissolution action); and General Statutes § 46b-54 (c), the statute pursuant to which Dornfeld was appointed in this case; and certain of our precedents; see, e.g., *Nye* v. *Marcus*, 198 Conn. 138, 502 A.2d 869 (1985); *Guille* v. *Guille*, 196 Conn. 260, 492 A.2d 175 (1985); *Salvio* v. *Salvio*, 186 Conn. 311, 441 A.2d 190 (1982); *Yontef* v. *Yontef*, 185 Conn. 275, 440 A.2d 899 (1981); as evidence of legislative and judicial recognition "that children who are the subject of contested family relations matters have separate interests in the proceeding which are directly affected and to which injury may result."

Second, the minor children argue that they are aggrieved by the trial court's decision in two ways. They are statutorily aggrieved, they assert, because they have a statutory right to be supported by both parents pursu-

ant to §§ 46b-37[10] and 46b-84,[11] and the trial court's
decision deprives them of their right to be supported

[10] General Statutes § 46b-37 provides: "Joint duty of spouses to support
family. Liability for purchases and certain expenses. Abandonment. (a) Any
purchase made by either a husband or wife in his or her own name shall be
presumed, in the absence of notice to the contrary, to be made by him or
her as an individual and he or she shall be liable for the purchase.

"(b) Notwithstanding the provisions of subsection (a) of this section, it
shall be the joint duty of each spouse to support his or her family, and both
shall be liable for: (1) The reasonable and necessary services of a physician
or dentist; (2) hospital expenses rendered the husband or wife or minor
child while residing in the family of its parents; (3) the rental of any dwelling
unit actually occupied by the husband and wife as a residence and reasonably
necessary to them for that purpose; and (4) any article purchased by either
which has in fact gone to the support of the family, or for the joint benefit
of both.

"(c) Notwithstanding the provisions of subsection (a) of this section, a
spouse who abandons his or her spouse without cause shall be liable for the
reasonable support of such other spouse while abandoned.

"(d) No action may be maintained against either spouse under the provi-
sions of this section, either during or after any period of separation from
the other spouse, for any liability incurred by the other spouse during the
separation, if, during the separation the spouse who is liable for support of
the other spouse has provided the other spouse with reasonable support.

"(e) Abandonment without cause by a spouse shall be a defense to any
liability pursuant to the provisions of subdivisions (1) to (4), inclusive, of
subsection (b) of this section for expenses incurred by and for the benefit
of such spouse. Nothing in this subsection shall affect the duty of a parent
to support his or her minor child."

[11] General Statutes § 46b-84 provides: "Parents' obligation for maintenance
of minor child. Order for health insurance coverage. (a) Upon or subsequent
to the annulment or dissolution of any marriage or the entry of a decree of
legal separation or divorce, the parents of a minor child of the marriage, shall
maintain the child according to their respective abilities, if the child is in
need of maintenance.

"(b) If there is an unmarried child of the marriage who has attained the
age of eighteen, is a full-time high school student and resides with a parent,
the parents shall maintain the child according to their respective abilities if
the child is in need of maintenance until such time as such child completes
the twelfth grade or attains the age of nineteen, whichever first occurs. The
provisions of this subsection shall apply only in cases where the decree of
dissolution of marriage, legal separation or annulment is entered on or after
July 1, 1994.

"(c) In determining whether a child is in need of maintenance and, if in
need, the respective abilities of the parents to provide such maintenance
and the amount thereof, the court shall consider the age, health, station,
occupation, earning capacity, amount and sources of income, estate, voca-
tional skills and employability of each of the parents, and the age, health,

by the defendant, their father. They are classically aggrieved, they contend, because they have been deprived of their property rights without an opportunity for them to be heard by counsel.

station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child.

"(d) At any time at which orders are entered in a proceeding for dissolution of marriage, annulment, legal separation, custody, or support, whether before, at the time of, or after entry of a decree or judgment, if health insurance coverage for a child is ordered by the court to be maintained, the court shall provide in the order that (1) the signature of the custodial parent or custodian of the insured dependent shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of the medical services, to the custodial parent or to the custodian, (2) neither parent shall prevent or interfere with the timely processing of any insurance reimbursement claim and (3) if the parent receiving an insurance reimbursement payment is not the parent or custodian who is paying the bill for the services of the medical provider, the parent receiving such insurance reimbursement payment shall promptly pay to the parent or custodian paying such bill any insurance reimbursement for such services. For purposes of subdivision (1), the custodial parent or custodian is responsible for providing the insurer with a certified copy of the order of dissolution or other order requiring maintenance of insurance for a child provided if such custodial parent or custodian fails to provide the insurer with a copy of such order, the commissioner of social services may provide the insurer with a copy of such order. Such insurer may thereafter rely on such order and is not responsible for inquiring as to the legal sufficiency of the order. The custodial parent or custodian shall be responsible for providing the insurer with a certified copy of any order which materially alters the provision of the original order with respect to the maintenance of insurance for a child. If presented with an insurance reimbursement claim signed by the custodial parent or custodian, such insurer shall reimburse the provider of the medical services, if payment is to be made to such provider under the policy, or shall otherwise reimburse the custodial parent or custodian.

"(e) After the granting of a decree annulling or dissolving the marriage or ordering a legal separation, and upon complaint or motion with order and summons made to the superior court by either parent or by the commissioner of administrative services in any case arising under subsection (a) or (b) of this section, the court shall inquire into the child's need of maintenance and the respective abilities of the parents to supply maintenance. The court shall make and enforce the decree for the maintenance of the child as it considers just, and may direct security to be given therefor, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. The court may order either parent to name any child who is subject to the provisions of subsection (a) or (b)

Third, the minor children argue that they have the capacity to prosecute an appeal in this case, despite the absence of a guardian ad litem or next friend, because, where an attorney has been appointed to represent them pursuant to § 46b-54, the appointed attorney serves a function essentially similar to the guardian ad litem. Therefore, the minor children argue, to hold that the absence of either such a guardian or next friend is fatal to an appeal "is to elevate form over substance." In their view, the fact that the appeal is brought by their attorney "satisfies any requirement that the children bring suit via an adult representative."

Fourth, the minor children point out, as did the Appellate Court, that the absence from the appeal of a guardian ad litem or next friend is a mere irregularity that does not affect the Appellate Court's jurisdiction. They contend, therefore, that the defendant's motion to dismiss was untimely because the appeal had been filed on December 6, 1993, and the motion to dismiss was not filed until January 24, 1994, which was beyond the ten day time limit provided by Practice Book § 4056.[12]

of this section as a beneficiary of any medical or dental insurance or benefit plan carried by such parent or available to such parent on a group basis through an employer or a union.

"(f) Whenever an obligor is before the court in proceedings to establish, modify or enforce a support order, and such order is not secured by a wage garnishment, the court may require the obligor to execute a bond or post other security sufficient to perform such order for support, provided the court finds that such a bond is available for purchase within the financial means of the obligor. Upon failure of such obligor to comply with such support order, the court may order the bond or the security forfeited and the proceeds thereof paid to the state in AFDC cases or to the obligee in non-AFDC cases."

[12] Practice Book § 4056 provides: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. The court may on its own motion order that an appeal be dismissed for lack of jurisdiction."

Finally, the minor children argue that, even if the common law requires a minor child to bring an *action* by a guardian ad litem or next friend, that common law rule does not apply to the filing of an appeal. Thus, they contend that their appeal is simply a continuation of the trial court action that was properly brought by the plaintiff, and that they are not saddled with any legal disability in continuing that action.

The defendant responds in kind.[13] He argues first that the Appellate Court was correct in dismissing the appeal because the minor children were not parties to the underlying dissolution action. Thus, the defendant, reminding us that the right to appeal is purely statutory, contends that under General Statutes § 52-263[14] and Practice Book § 4000[15] only an aggrieved *party* may appeal, and that the parties to this action were the plaintiff and the defendant, and not the minor children.

Second, the defendant maintains that the minor children lacked standing to appeal because they did not act through a guardian or next friend. Because the minor

[13] Some of the defendant's arguments consist of responses to the certified question as originally phrased. Some are presented in effect as alternate grounds on which to affirm the Appellate Court's judgment. We consider all of the arguments together.

[14] General Statutes § 52-263 provides: "Appeals from superior court. Exceptions. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[15] Practice Book § 4000 provides: "If a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, that party may appeal from the final judgment of the court or of such judge, or from a decision setting aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in Gen. Stat. §§ 8-8, 8-9, 8-28 and 8-30."

children could not, by themselves, set the appellate machinery in motion, the defendant asserts, and because standing involves the legal right to set that machinery in motion, they lacked standing to appeal. In this respect, the defendant contests the minor children's asserted functional equivalence between an attorney for minor children and a guardian ad litem or next friend, and the minor children's argument that their appeal is simply a continuation of the trial court proceeding to which they were not parties.

Third, the defendant argues that, even if their lack of party status in the trial court and the absence of a guardian ad litem or next friend were not dispositive, the minor children lacked standing to appeal because they were not aggrieved by the trial court's ruling. The defendant asserts that, because the order of support in this case is payable to the plaintiff, their mother, only she has a direct legal interest in the order, and that they "have at best an indirect practical interest."

Finally, the defendant offers several policy considerations in support of the Appellate Court's judgment. These are that permitting such an appeal: (1)"pits the children against their parents"—against their father by forcing him to destitution "probably without [their] knowing it," and against their mother, who chose not to contest the modification—in contravention of the public policy against unwarranted intrusions into the family unit; (2) encourages the pursuit of "merely colorable claims though the chances of winning are slim and the expense prohibitive," because "the children could not possibly suffer any harm from an appeal, not even an award of costs," and an unprincipled attorney for a child might appeal solely to generate a fee;[16] and (3) unduly burdens the legal system because "[w]hen a

---

[16] The defendant in no way implies that this is the case in this appeal and, indeed, describes the children's counsel here as "highly principled."

judge has made a decision, and the parties have decided to live with it, there is no reason to allow . . . minor children to contest it."

Thus, both parties present this case as an all or nothing proposition. The minor children claim that they have an unrestricted right to appeal irrespective of the presence of a guardian ad litem or next friend. The defendant claims that the minor children have no right to appeal whatsoever, absent the presence of a guardian ad litem or next friend. We conclude, however, that the appropriate rule is somewhere in between: by analogy to § 46b-54, which articulates the standard for appointment of, and participation by, counsel for minor children in a dissolution of marriage case, the counsel for minor children in such a case may file an appeal on their behalf from an order regarding their support, without the intervention of a guardian ad litem or next friend, if the minor children first persuade the trial court that it is in their best interests to take such an appeal.

We begin our analysis by acknowledging the strength of the precedents and policies urged by the defendant. The right to appeal is purely statutory, and only an aggrieved party may appeal. *Durso* v. *Misiorek*, 200 Conn. 656, 660, 512 A.2d 917 (1986). In the context of dissolution actions, only those who were parties to the underlying dissolution action may appeal. *Bergeron* v. *Mackler*, 225 Conn. 391, 391–92 n.1, 623 A.2d 489 (1993). Moreover, "[o]rdinarily, the term party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant . . . ." (Internal quotation marks omitted.) *Lieberman* v. *Reliable Refuse Co.*, 212 Conn. 661, 669, 563 A.2d 1013 (1989). We implicitly have recognized that definition to exclude the minor children of parents involved in a dissolution action, absent some additional effort to make the children formal parties to that action. *Salvio* v. *Salvio*, supra, 186 Conn. 324.

Furthermore, the general rule is well established that "a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented. *Cottrell* v. *Connecticut Bank & Trust Co.*, 175 Conn. 257, 261, 398 A.2d 834 (1978); *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970). When a guardian has been appointed to protect the interests of a child, the guardian is usually the proper person to bring an action on behalf of the child. *Williams* v. *Cleaveland*, 76 Conn. 426, 434, 56 A. 850 (1904). There are, however, certain exceptional circumstances; *Cottrell* v. *Connecticut Bank & Trust Co.*, supra, 263; when a child may properly sue by next friend, notwithstanding the existence of such guardian, as when the guardian is absent, or is unwilling or unable to institute or prosecute the required action or appeal, and especially when, though declining to take such action himself, he does not forbid such proceeding, or when he is disqualified by interest hostile to that of the infant, or is for other reasons an improper or unsuitable person to prosecute such actions on behalf of the ward. *Williams* v. *Cleaveland*, supra, 432. Although generally a person who brings an action as next friend need not obtain prior authorization from the court to do so; id., 433; *McCarrick* v. *Kealy*, 70 Conn. 642, 646, 40 A. 603 (1898); the court must determine whether the person seeking to represent the child as next friend is a proper or suitable person to make a claim on behalf of the child. *Williams* v. *Cleaveland*, supra, 433–34; *McCarrick* v. *Kealy*, supra, 646." (Internal quotation marks omitted.) *Orsi* v. *Senatore*, 230 Conn. 459, 466–67, 645 A.2d 986 (1994).

Although these precedents limit the right of a minor child to bring an action in the trial court, we see no reason not to apply their principles to the right of appeal as well. As a general matter, there is no reason to afford

a right of appeal greater than a right to sue in the first instance.

The policy arguments proffered by the defendant also have much to commend them. Affording the minor children in a dissolution action an unrestricted right to appeal orders regarding their support carries with it significant risks of widening the fissures in an already sorely tried family, and of imposing burdens on the noncustodial parent and the legal system that may well outweigh the potential benefits.

Furthermore, absent special circumstances; see, e.g., *Salvio* v. *Salvio,* supra, 186 Conn. 324; there are good reasons not to consider the minor children as "parties" to the dissolution action or to require that they formally be made such parties. Treating the children as parties might well force them to choose sides and thus threaten to exacerbate their already heavy emotional burden, and would add a level of participation—even if only symbolic in most cases—that is inconsistent with a wise attempt to shield them as much as reasonably possible from the legal aspects of their parents' conflicts.

Additionally, we are concerned about creating conflict in the attorney's role by conflating the role of counsel for a child with the role of a guardian ad litem or next friend. Typically, the child's attorney is an advocate for the child, while the guardian ad litem is the representative of the child's best interests. As an advocate, the attorney should honor the strongly articulated preference regarding taking an appeal of a child who is old enough to express a reasonable preference; as a guardian, the attorney might decide that, despite such a child's present wishes, the contrary course of action would be in the child's long term best interests, psychologically or financially. We recognized a similar concern in *State* v. *Garcia,* 233 Conn. 44, 90 n.36, 658 A.2d 947 (1995), in which we concluded that, because his legal

interests and medical interests may diverge, an incompetent criminal defendant should have both legal counsel to represent his legal, or expressed, interests, and a guardian appointed to represent his medical, or best, interests. See also A. Lurie, "Representing the Child-Client: Kids are People Too," 11 N.Y.L. Sch. J. Hum. Rts. 205 (1993). Accordingly, we recognize that to the extent we allow the children to take an appeal through counsel, and not next friend or guardian, we can only allow such an appeal where such conflicts will not arise.

At the same time, however, there is considerable persuasive power to much of what the minor children offer in support of their position. Although they are not parties to the underlying dissolution action, it cannot be denied that our statutes and precedents regarding the appointment of an attorney to represent their interests in dissolution proceedings do constitute legislative and judicial recognition that the orders entered by the trial courts in such proceedings may affect those interests. Furthermore, the fact that, in the trial court, the law deems it sufficient to protect those interests by way of an appointment of an attorney, rather than also requiring a simultaneous appointment of a guardian ad litem or the naming of a next friend, is an implicit recognition that, under most circumstances, that attorney is an appropriate adult to provide such protection. Also, contrary to the argument of the defendant that the minor children could not be aggrieved in this case because the defendant's legal obligation of support runs only to the plaintiff, the legal obligation of support for minor children runs, not solely to the custodial parent, but directly to the children as well. See *In re Bruce R.*, 234 Conn. 194, 209–10, 662 A.2d 107 (1995).

These considerations supporting the position of the minor children in this appeal are sufficient to persuade us that there may be circumstances in which the precedents and policies in favor of the general rule should

give way to a right of appeal in the minor children without the necessity of an appointment of a guardian ad litem or the naming of a next friend. For example, the custodial parent may not have the will or the wherewithal to prosecute an appeal, even if the court were to order the other party to pay attorney's fees for such an appeal; see *Miller* v. *Kirshner*, 225 Conn. 185, 210, 621 A.2d 1326 (1993) (court may award attorney's fees to prosecute appeal); and where the ruling at issue significantly and adversely may affect the child's interest in being provided with adequate support. In such a case, unless an appeal is permitted that interest may go unprotected.

Why, then, it may be asked, is it necessary in such a case to permit the minor children to appeal through their attorney, rather than simply to require them to secure the appointment of a guardian ad litem or the naming of a next friend—who conceivably could be the same attorney? The answer is that, if the law were to *require* that course in such a case, the law would be elevating form over substance. Presumably, if the trial court were to be asked to appoint a guardian ad litem or to pass upon the naming of a next friend; see *Orsi* v. *Senatore*, supra, 230 Conn. 467; solely for the purpose of permitting such an appeal, the court in doing so would have to take into account the best interests of the child. Anything less would be an abdication of the court's independent obligation for the welfare of the children before it, an obligation that has deep roots in our jurisprudence. See *Apthorp* v. *Backus*, 1 Kirby (Conn.) 407, 409–10 (1788) ("the court under whose inspection the suit [by a minor's next friend] is prosecuted, is bound to take care for the infant; and if the prochein ami is not a responsible and proper person, or misconducts the suit, or institutes one not apparently for the benefit of the infant, will displace him, and, if need be, appoint another"). Thus, in such a case, if the

court were to conclude that the attorney for the minor child *would* be a proper person to be named as guardian ad litem or next friend for purposes of taking an appeal, requiring the additional step of formally appointing the attorney as guardian ad litem or approving the attorney as next friend would add nothing substantive to the minor children's rights.

We conclude, therefore, that there is a need for a rule that will accommodate both the precedents and policies that we have outlined in favor of the general rule requiring that minor children may appeal only through a guardian or next friend and the limited circumstances where those precedents and policies may not sufficiently protect the best interests of the minor children. The question, then, is how to formulate that rule.

"It is when the colors do not match, when the references in the index fail, when there is no decisive precedent, that the serious business of the judge begins." B. Cardozo, The Nature of the Judicial Process (1921) p. 21. In this case, the colors do not match, and we are called upon to exercise our creativity as common law judges to create an exception to the general rule that will accomplish the accommodation between, on one hand, prior precedent and policies and, on the other hand, the perceived need for a rule that will fill the interstices of those precedents and policies.

We find that accommodation in the contours of § 46b-54. See footnote 1. That statute governs the appointment of, and the degree of participation by, counsel for minor children in a dissolution action between their parents. It provides in relevant part that the court may appoint such counsel "if the court deems it to be in the best interests of the child or children"; General Statutes § 46b-54 (a); and that such counsel "shall be heard on all matters pertaining to the interests

of any child . . . so long as the court deems such representation to be in the best interests of the child." General Statutes § 46b-54 (c). Under this statute, therefore, the governing standard is the best interests of the minor children.

Using that statutory standard for a determination of when minor children may appeal without the necessity of the court appointing a guardian ad litem or passing upon the naming of a next friend, we hold that they may do so if the minor children first persuade the trial court that such an appeal is in their best interests.[17] Although the children were not parties to the trial court action, we are persuaded that their interests were sufficiently implicated by the ruling at issue that, if the trial court determines that such an appeal is in their best interests, they ought to be deemed to be parties for purposes of taking that appeal pursuant to General Statutes § 52-263 and Practice Book § 4000. As we explain in more detail below, this standard ought to accommodate both the reasons for the general rule that a child may act only by a guardian or next friend and the limited circumstances in which the general rule arguably would prohibit an appeal that otherwise should be permitted.

We have on occasion looked to statutes as a source of policy for common law adjudication, particularly where there is a close relationship between the statutory and common law subject matters. See *Fahy* v. *Fahy*, 227 Conn. 505, 514–16, 630 A.2d 1328 (1993) (modification of alimony need not be based on change of circum-

___

[17] In this respect, we also borrow from General Statutes § 52-470 (b), which permits a habeas corpus litigant to appeal upon a certification by the trial court "that a question is involved which . . . ought to be reviewed" on appeal. Similarly, if in a given case the trial court granted or denied the minor children's request to prosecute an appeal without either a guardian ad litem or next friend, that grant or denial would be subject to review on appeal under an abuse of discretion standard. Cf. *Simms* v. *Warden*, 229 Conn. 178, 198–99, 640 A.2d 601 (1994).

stances not contemplated at time of original order), and the authorities cited therein. "We consider this case to be a similarly appropriate instance for this adjudicative technique." Id., 514.

There is a close relationship between the protection of the interests of minor children in the trial court and the need for similar protection of those interests by way of an appeal from a trial court order regarding the support of those children, when no other appeal aimed at protection of those interests is being prosecuted. Thus, both ought to be governed by the same standard, namely, the best interests of the children.

Furthermore, although the right of appeal is purely statutory pursuant to § 52-263, the definition of aggrievement for purposes of determining whether a party may appeal from a final judgment had its inception, and consistently has been applied as, a judicial, common law gloss on the term "aggrievement" in that statute, rather than having been drawn from any particular statutory definition or origin. See *Waterbury Trust Co.* v. *Porter*, 130 Conn. 494, 498–99, 35 A.2d 837 (1944); cf. *Water Pollution Control Authority* v. *Dept. of Environmental Protection*, 234 Conn. 488, 493, 662 A.2d 124 (1995). Thus, just as in *Fahy*, wherein we relied on the fact that a statutory requirement had its inception in judicial, common law adjudication, in this case we rely on the fact that the statutory concept of aggrievement has a similar origin. Moreover, the general rule requiring the appointment of a guardian or next friend for a minor to prosecute an action or appeal is a common law, judicially created rule, and is not statutory in origin. See *Apthorp* v. *Backus*, supra, 1 Kirby 409. Thus, there is no jurisprudential impediment to creating, by way of common law adjudication, an exception to that rule.

There may be instances in which the functions of counsel for minor children differ fundamentally from

those of a guardian ad litem; see *Knock* v. *Knock*, 224 Conn. 776, 791, 621 A.2d 267 (1993) ("[t]he legislature has not delineated, nor has this court yet been presented with the opportunity to delineate, the obligations and limitations of the role of counsel for a minor child"); and before the trial court determines that the children should be allowed to take an appeal, it must be persuaded that, under the circumstances of the case before it, the children's attorney will not experience a conflict between her role as an advocate and the children's best interests. In other words, for the trial court to determine that the children may take an appeal, the court must consider and determine on the record that there is no conflict between the children's best interests and the children's articulated preference to bring the appeal. Such a finding is necessary to make sure that the attorney for the children will not be faced with the dilemma of reconciling such diverging interests while conforming to her role as advocate.

We turn next to the defendant's contention that the absence of a guardian ad litem or next friend deprives the minor children of standing to appeal because, in the absence of such representatives, the minor children have no right to set the appellate machinery in motion. We disagree, because that contention is inconsistent with the precedents that recognize the requirement of such representatives. Lack of standing is a subject matter jurisdictional defect that cannot be waived. *Sadloski* v. *Manchester*, 228 Conn. 79, 83–84, 634 A.2d 888 (1993). As the Appellate Court aptly noted, however, "the bringing of an action for the minor child without the aid of a next friend or guardian ad litem is an amendable irregularity which could be waived. *Collins* v. *York*, [supra, 159 Conn. 154]." (Internal quotation marks omitted.) *Newman* v. *Newman*, supra, 35 Conn. App. 453–54. Thus, the lack of a guardian or next friend does not deprive the children of standing to appeal.

We also conclude that, ordinarily, minor children will qualify as "aggrieved" by a trial court order that significantly diminishes or, as in this case, eliminates the amount of support payable for their benefit by the noncustodial parent to the custodial parent. The two part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision. *Water Pollution Control Authority* v. *Dept. of Environmental Protection*, supra, 234 Conn. 494. Moreover, with respect to the second part, the person need only establish a possibility, rather than a probability or certainty, of such injury. *Rose* v. *Freedom of Information Commission*, 221 Conn. 217, 230, 602 A.2d 1019 (1992).

As we have indicated, the first part of the test is met in a case such as this because the parent's support obligation runs, not only to the noncustodial parent, but directly to the minor children as well. The second part ordinarily also would be met by an order reducing or eliminating a support obligation, because there would be at least a possibility that the reduction or elimination of the amount of support payable by the noncustodial parent would mean a reduction in the total amount of money available to provide for such commonly indivisible items as food and shelter for the custodial family unit of which the minor children are a part.

Finally, we turn to the nature of the trial court's considerations in determining whether to authorize an appeal under the standards that we have articulated. Without attempting to limit the trial court's examination of all of the available facts and circumstances regarding

whether to authorize an appeal by minor children from a trial court support order, we suggest the following as some of those factors: the nature of the particular trial court order at issue; whether there is likely to be an appeal of the order, irrespective of that requested by the minor children; the desires of the parent who would otherwise be an appellant but who does not intend to file such an appeal, and the reasons for that intention; whether the particular risks that underlie the general rule are likely to be realized by permitting such an appeal in the particular case; the potential for conflicts to arise between the best interests of the children and their desire to prosecute the appeal; the good faith of the attorney making the request for such an appeal on behalf of the children; the degree to which an appeal will unduly drain resources that could be better spent on the children; and whether there is any reasonable basis for such an appeal. We emphasize that this list is not exhaustive. The range of factors to be considered by the trial court is limited only by the applicable standard of the best interests of the children.

In summary, we conclude that the general rule is that minor children may not appeal from a trial court order in a dissolution case regarding their support in the absence of a guardian or next friend. An exception to that rule is that the counsel for the minor children appointed pursuant to § 46b-54 may file such an appeal on their behalf if the children, through their counsel, first persuade the trial court that it is in their best interests to do so. The court should take all available information into account in making that determination. If the court grants the request, the minor children will be deemed to be parties within the contemplation of General Statutes § 52-263 and Practice Book § 4000. If the court denies the request, the court's ruling will be subject to appellate review under an abuse of discretion standard. See footnote 17.

Because the minor children took this appeal without the benefit of this new exception to the general rule, they must be given the opportunity to meet the requirements that we have now articulated. The case must therefore be remanded to the trial court for that determination.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the trial court for further proceedings in accordance with this opinion.

In this opinion Peters, C. J., and Callahan and Katz, Js., concurred.

BERDON, J., concurring. I agree with the majority that an attorney appointed for a minor child pursuant to General Statutes § 46b-54 may appeal on behalf of the child any judgment of the trial court that affects the child, provided the trial court determines that such an appeal is in the child's best interests.

I reach this conclusion, however, based solely on § 46b-54,[1] which authorizes the trial judge to appoint

---

[1] General Statutes § 46b-54 provides: "Counsel for minor children. Duties. (a) The court may appoint counsel for any minor child or children of either or both parties at any time after the return day of a complaint under section 46b-45, if the court deems it to be in the best interests of the child or children. The court may appoint counsel on its own motion, or at the request of either of the parties or of the legal guardian of any child or at the request of any child who is of sufficient age and capable of making an intelligent request.

"(b) Counsel for the child or children may also be appointed on the motion of the court or on the request of any person enumerated in subsection (a) of this section in any case before the court when the court finds that the custody, care, education, visitation or support of a minor child is in actual controversy, provided the court may make any order regarding a matter in controversy prior to the appointment of counsel where it finds immediate action necessary in the best interests of any child.

"(c) Counsel for the child or children shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child."

an attorney for the minor child. First, § 46b-54 does not condition the court's power to appoint an attorney for the child on the presence of a guardian ad litem or next friend. Second, according to the plain meaning of the statute, once an attorney is appointed for the child, he or she gains the status of a de facto party, the only limitation being that the court must consider the best interests of the child when deciding on which matters the attorney will be heard. General Statutes § 46b-54 (c) ("[c]ounsel for the child or children shall be heard on *all matters* pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child" [emphasis added]). It would defy common sense to interpret the statute to provide for the protection of a child's best interests only at trial and not during subsequent related proceedings. In my view, the broad language of the statute includes the right of the attorney on behalf of his or her minor client to appeal, subject to the approval of the trial court.

Section 46b-54 acknowledges what authorities on the subject have widely recognized—the need for children to be permitted separate party status and representation in divorce and custody proceedings. See J. Goldstein, A. Freud & A. Solnit, Beyond the Best Interests of the Child (1979) pp. 65-67 (regarding custody of child, "court cannot do 'complete justice' unless the child is recognized as a necessary, indeed, indispensable party to the proceedings . . . . This is because children, far from sharing the adults' concerns, are frequently put in direct conflict . . . [and] their rights cannot be represented adequately by either the adult claimant or the adult defendant. . . ."); see also S. Lefco, "The Child as a Party in Interest in Custody Proceedings," 10 Ga. St. B.J. 577, 581 (1974) (permitting only parental parties in divorce proceedings to argue their own most favor-

able positions often overlooks best interests of child; similarly court often "rubber stamps" settlement agreement between parties subordinating best interests of child to interests of parents).

I recognize that very complex issues may arise in circumstances in which a child, without a guardian ad litem or next friend, is represented by an attorney appointed pursuant to § 46b-54. Nevertheless, none of these issues has been raised in this appeal. Furthermore, there is no evidence that by advocating the children's entitlement to support in this case, the children's attorney was not acting in their best interests. Therefore, such a conflict is not at issue here and those issues must be left for another day.

Accordingly, I agree with the result.