[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 13, 1996
The defendant, Ann B. McCue's ("McCue) motion to dismiss is denied. The defendants. Andrew J. Tymowicz, Allentown Brake and CT Page 5495-HHHHH Wheel Service, Inc. and Parker, Inc., filed a motion to add McCue as a defendant for apportionment purposes pursuant to General Statutes § 52-102 which was granted by this court on October 30, 1995. McCue argues that the proper procedure for bringing in a defendant for apportionment purposes, however, is Public Act 95-111. The motion to add McCue did not recite Public Act 95-111,[1] and the complaint served upon McCue was the original complaint which did not "specifically request as relief an apportionment of damages . . . [and] include the docket number assigned to the original lawsuit." Public Act 95-111. While McCue is correct that Public Act 95-111 governs, and the process was not entirely consistent with the act, the mandates of the act have been complied with in that McCue was timely served, and the motion and complaint gave sufficient notice to McCue of the nature of the suit and the claim against her. The court does, then, have subject matter jurisdiction. "We have long hold that although regulations generally are to be strictly construed, it is important not to elevate form over substance." MetropolitanDistrict Commission v. AFSCME, 237 Conn. 114, 121 (1996); Newmanv. Newman, 235 Conn. 82, 98-99, 663 A.2d 980 (1995).
D'ANDREA, J.