[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#116)
On November 6, 1997, the defendants, Roy Riggio and Richard Riggio, filed a motion for summary judgment against the plaintiff, Elvis Minaya[1], on the ground that "this [c]ourt lacks jurisdiction over the [f]irst and [s]econd counts of the [p]laintiffs' [r]evised [c]omplaint . . . ." Specifically, the defendants argue that summary judgment should be granted because the plaintiff is a minor, and the present action was not brought by a guardian or next friend. The plaintiff has not filed an opposition to the motion for summary judgment.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994);Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752 (1982).
"[T]he general rule is well established that "a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented." Newman v. Newman, 235 Conn. 82, 95,663 A.2d 980 (1995).
The present action was filed on May 1, 1997. It is undisputed that the plaintiff was born on October 15, 1979. There is no question, therefore, that the plaintiff was a minor at the time this action was filed. The revised complaint does not mention that the plaintiff is a minor. There is also no mention in the complaint that the action is brought by a guardian or next friend of the plaintiff.
The court notes that "the bringing of an action for the minor child without the aid of a next friend or guardian ad litem is an amendable irregularity which could be waived . . . ." (Citation CT Page 13393 omitted; internal quotation marks omitted.) Newman v. Newman,35 Conn. App. 449 (1994), rev'd on other grounds, supra,235 Conn. 82. In the present case, however, the defendants have not waived the defect. Further, the court will not waive the problem sua sponte when the plaintiff twice had the opportunity to cure the defect, and instead chose to do nothing.[2]
There is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment on counts one and two of the plaintiffs' revised complaint, as it pertains to Elvis Minaya, is granted.
KARAZIN, J.