[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff objects to the defendant's motion for reasonable attorney's fees under G.S § 31-51m(c)
The plaintiff, David Jordan, brought this wrongful discharge action against his former employer, The Learning Clinic. The amended complaint included a count alleging that the plaintiff CT Page 5130 was discharged in violation of our whistle-blower statute, §31-51m. On December 17, 1997, a jury rendered a verdict for the employer on all counts. On January 5, 1998, the court denied a motion to set aside the verdict, and judgment was entered for the employer.
On February 17, 1998, the employer moved for an order of counsel fees under § 31-51m(c). On April 27, 1998, the court heard argument on the viability of this motion. The employer claims that § 31-51m(c) authorizes an award of counsel fees to an employer who successfully defends against a whistle-blower claim. The plaintiff contends that § 31-51m(c) affords attorney's fees to successful plaintiffs only.
The pertinent language of § 31-51m is as follows:
 "An employee's recovery from any such action shall be limited to such items [as earlier listed], provided that the court may allow to the prevailing party his costs, together with reasonable attorney's fees to be taxed by the court."(emphasis added).
The plaintiff argues that, because this sentence begins with the phrase "employees recovery," the phrase "prevailing party" must be construed to refer to a successful employee-plaintiff. The employer counters that the ordinary meaning of "party," embracing either plaintiff or defendant, applies because the employer obtained a verdict in its favor on the whistle-blower claim. It contends that an award of counsel fees it is permitted. The court agrees with the defendant-employer.
Mere disagreement between the litigants as to the meaning of statutory language creates no ambiguity, State v. Ingram,43 Conn. App. 801, 819 (1996). The court, however, determines that the language of the statute itself is ambiguous on this point. The juxtaposition, in the same sentence, of the clause explicating the bounds of employee recovery with one allowing counsel fees to the prevailing party presents an ambiguity as to whether the term "party" refers back to the word "employee" or means either the employee or employer.
When confronted by ambiguous statutory language, the court must attempt to discern legislative intent by examining the words of the statute; the legislative history, including the circumstances surrounding the enactment of the provision in question; and the purposes served by the statute, Lieberman v.CT Page 5131Reliable Refuse Co., 212 Conn. 661, 671 (1989). In order to ascertain a reasonable, overall interpretation, statutes are considered as an integrated whole and in the light of common sense, Id.
Applying these principles to § 31-51(c) the court observes that, in the context of a lawsuit, the term "party" ordinarily refers "to those by or against whom a legal suit is brought," i.e. usually a plaintiff or defendant, Newman v.Newman, 235 Conn. 82, 94 (1995); Lieberman v. Reliable RefuseCo., supra, 668. The legislative history of § 31-51m is found in the discussion of H.B. 5542 (1982) and is silent regarding the attorney's fees provision.
The plaintiff suggests that the purpose of the whistle-blower statute is to protect employees who report the illegal activity of their employers to public authority and that this purpose would be thwarted if employers could recover attorney's fees. The plaintiff argues that the fear of liability for such fees in the event of an unfavorable outcome, would discourage or chill employees from vindicating their rights under the statute. The court rejects this argument.
First, the purpose of the statute is to protect legitimate reporting of violations by employers and not false or spurious claims. Section 31-51m(c) also contains a provision which exposes employees who knowingly make false reports to disciplinary action for such reports. A provision exposing employees with unprovable or dubious claims of wrongful discharge to liability for their employer's counsel fees would accomplish a similar purpose of protecting employees from discipline for reporting violations while protecting employers from having to defend against meritless accusations. The purpose of the statute appears to strive to achieve a balance by shielding whistle-blowers from unwarranted discipline and employers from unwarranted claims.
Second, other related statutes expressly and unequivocally permit employers to recover counsel fees in defense of wrongful discharge cases. Section 31-51q creates employer liability for disciplining employees on account of an exercise of certain constitutional rights, usually free speech. That section provides for an employer to recoup reasonable counsel fees for defending such an action if brought without substantial justification. It would appear that the danger of discouraging employees from pursuing actions under § 31-51m would apply equally to § CT Page 513231-51q, and yet our legislature clearly established such a procedure in § 31-51q.
In light of the above considerations, the court concludes that the phrase "prevailing party" in § 31-51m(c) has its usual meaning and that the defendant employer may be awarded counsel fees. The plaintiff's objection to the employer's motion for attorney's fees is overruled.
Sferrazza, J.