[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Tamara Elliott appeals the decision of Chief Family Support Magistrate Hutchinson, rendered on November 17, 1999, in the case of Elliott v. Mountzoures, Superior Court, judicial district of New London at Norwich, Docket No. FA93-0103669S ("the support enforcement file"), wherein the magistrate found that Elliott owed an arrearage of $5,678.28 in support payments to Philip Mountzoures, the father of their child, Nathaniel Elliott. The magistrate also ordered Elliott to continue weekly support payments and to pay the sheriff's fees of $120. Elliott appeals the decision on the ground that it was "arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Specifically, Elliott appeals on the grounds that the magistrate improperly decided that Mountzouresv. Elliott, Superior Court; judicial district of New London at New London, Docket No. FA93-0541045S ("the custody and visitation file"), "was not the superceding and controlling file on the issue of child support," and that the decision "is contrary to General Statutes § 46b-231 (q)."
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Office of ConsumerCounsel v. Dept. of Public Utility Control, 234 Conn. 624, 640,662 A.2d 1251 (1995). Pursuant to General Statutes § 46b-231 (n). (1), "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." "The two part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, CT Page 4613 the person must establish that his or her interest has been specially and injuriously affected by the decision." Newman v.Newman, 235 Conn. 82, 103, 663 A.2d 980 (1995). Because the magistrate ordered Elliott to pay support, arrearage and fees, the decision of the magistrate specially and injuriously affected a specific, personal and legal interest of Elliott. In addition, Elliott brought her appeal "not later than fourteen days after filing of the final decision" in accordance with General Statutes § 46b-231 (n)(2). She certified that counsel of record were served copies of the appeal in hand or by mail, pursuant to General Statutes § 46b-231 (n)(2).
Elliott argues, pursuant to General Statutes § 46b-231 (q), that a judgment by Judge Purtill, rendered on December 5, 1997, supersedes orders for Elliott to pay support and arrearage. Elliott argues that, "[a]lthough [the order is] dated December `98 . . . that file [the support enforcement file] is prior to the custody and support order, that file was opened in 1993 . . . and that was not the original order against Ms. Elliott." (Transcript, Kenefick Hearing, p. 8.) Elliott argues, as a result, that she owes no child support because Judge Purtill's judgment stated, "[n]o child support order will enter at this time as to the mother."
General Statutes § 46b-231(q) provides that "[w]hen an order for child or spousal support has been entered against an obligor by the Superior Court in an action originating in the Superior Court, such order shall supersede any previous order for child or spousal support against such obligor entered by a family support magistrate and shall also supersede any previous agreement for support executed by such obligor and filed with the Family Support Magistrate Division." The determination of whether one order supersedes another is dependent upon the timing of the order in relation to other orders, not the timing of the initial commencement of either action. Elliott's argument on appeal that Judge Purtill's December 5, 1997 decision supersedes subsequent
support awards is, therefore, inapposite. The support orders against Elliott entered in the support enforcement file are dated October 23, 1998, November 20, 1998, December 18, 1998, November 17, 1999, and December 15, 1999. All support orders prior to Judge Purtill's decision were entered against Mountzoures because Elliott was the custodial parent at the time of those orders.[1] Hence, even if Judge Purtill's order were entered in the same file as the subsequent orders and the magistrate's decision, Judge Purtill's order would not supersede any of the subsequent orders. CT Page 4614
The court finds, therefore, that Judge Purtill's decision of December 5, 1997, does not supersede orders entered against Elliott because those orders entered after Judge Purtill rendered his decision. The court finds, therefore, that Elliott is liable for the arrearage and continued support ordered by Chief Family Support Magistrate Hutchinson.
The decision of the Chief Family Support Magistrate is hereby affirmed.
BY THE COURT
Kenefick, J.