[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (# 109)
 I. Facts
On December 20, 2001, the plaintiffs, Earnest W. Church, Jean M. Church and their minor children, Kirsten and Nicholas Church, filed a nineteen-count amended complaint against the defendants, Rent-A-Center, Inc., and the managing staff of the New London Rent-A-Center: Eric White, Linda Penfield and Christopher Holmes (Rent-A-Center), alleging that Rent-A-Center violated the Connecticut Creditor's Collection Practices Act pursuant to General Statutes §§ 36a-645 through 36a-647
and the Connecticut Unfair Trade Practices Act (CUTPA).
The complaint arose from a June 2001 agreement between Earnest and Jean Church and Rent-A-Center for the rental and purchases of a washer, dryer and other household furniture (household items). On June 21, 2001, Rent-A-Center delivered the agreed-upon household items. On June 25, 2001, however, the Churches discovered that the household items looked used and were listed as being used on the paperwork received from Rent-A-Center. On June 28, 2001, the Churches withheld their first scheduled payment and notified Rent-A-Center that receipt of their payments was contingent on Rent-A-Center delivering new household items in accordance with the agreement between the Churches and Rent-A-Center.
The Churches allege that beginning on June 30, 2001, Rent-A-Center's managing staff engaged in immoral, unethical and unfair practices while attempting to collect the alleged debt. The Churches allege that in addition to Rent-A-Center's repeated harassing phone calls to their residence, Rent-A-Center also called Earnest Church's place of employment and the Churches' relatives and told them that the Churches were criminals who stole property. The Churches also allege that beginning in mid-July, Rent-A-Center went to the Churches' residence and when the Churches refused to open their door, they kicked and slammed the door CT Page 8893 with their fists and yelled obscenities. Additionally, the Churches allege that on September 11, 2001, Rent-A-Center recruited a uniformed police officer to go to the Churches' home and threaten to arrest them if they did not pay the debt due to Rent-A-Center. The officer involved did not file a report of this incident.
Rent-A-Center filed a motion to strike with a supporting memorandum on February 20, 2002. Rent-A-Center argues that the motion to strike should be granted for the following reasons: (1) in counts one through twelve and sixteen through nineteen, the Churches seek relief under CUTPA and they rely on the authority of General Statutes § 42-110, which was repealed in 1975; (2) counts one through twelve and sixteen through nineteen do not state claims under CUTPA because they do not allege any ascertainable loss of money or property; (3) counts one through twelve and sixteen through nineteen do not state claims under CUTPA because they allege only a single transaction, which is not sufficient for relief under CUTPA; (4) counts one, nine and ten do not allege any damages; (5) counts fourteen and fifteen do not allege the breach of any duty to the plaintiffs; and (6) counts thirteen through seventeen purport to state causes of action on behalf of minor children who are not capable of suing in their own right. The Churches filed a memorandum in partial opposition to the motion to strike on March 6, 2002. The parties' respective arguments in support and in opposition are discussed in more detail below.
 II. Discussion
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." (Internal quotation marks omitted.)Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 366 n. 5,672 A.2d 939 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v.Edward J. Peters. Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "A motion to strike is properly granted if the complaint alleges mere CT Page 8894 conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
 A.
Rent-A-Center first moves to strike counts one through twelve and sixteen through nineteen on the ground that the Churches rely on the authority of General Statutes § 42-110, which was repealed in 1975. The Churches voice no objection to the court's striking counts one through twelve and counts sixteen through nineteen insofar as they seek relief under this statute. The Churches concede that the wrong section number for CUTPA was referenced in error, and they represent that they will replead the correct statutory section number pursuant to Practice Book § 10-44.[1] Accordingly, the motion to strike counts one through twelve and sixteen through nineteen on this ground is granted. Notwithstanding the court's subsequent rulings as to these counts with respect to the other grounds moved upon, the plaintiffs will file a revised complaint citing the correct CUTPA statute.
 B.
Rent-A-Center next argues that the motion to strike counts one through twelve and sixteen through nineteen should be granted because the Churches never paid for the household items, and, therefore, they have not suffered an ascertainable loss under CUTPA. In opposition, the Churches argue that the motion to strike these counts should be denied because ascertainable loss is measured by what was bargained for and it is of no consequence that the Churches have not paid for the household items.
General Statutes § 42-110g (a)[2] provides for a private right of action in any person who suffers ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by General Statutes § 42-110b.[3]
Unless the plaintiffs can prove an ascertainable loss of money or property, they cannot recover under CUTPA.
This court has already ruled on what is required to satisfy the ascertainable loss requirement. "`To satisfy the "ascertainable loss" requirement, a plaintiff need only prove that it has purchased an item partially as a result of an unfair or deceptive practice or act and that the item is different from that for which he bargained.'" Sipperly v.Burger King Corp., Superior Court, judicial district of New London at Norwich, Docket No. 94746 (March 17, 1992, Hurley, J.), quotingHinchliffe v. American Motors Corp., 184 Conn. 607, 614-15, 440 A.2d 810
CT Page 8895 (1981).
In the present case, Rent-A-Center argues that the Churches suffered no ascertainable loss because they have not paid for the household items that were delivered. Ascertainable loss, however, is not contingent on payment of the delivered goods. Rather, our Supreme Court has held that "[w]henever a consumer has received something other than what he bargained for, he has suffered a loss of money or property. That loss is ascertainable if it is measurable even though the precise amount of the loss is not known." Hinchliffe v. American Motors Corp., supra,184 Conn. 614. Accordingly, pursuant to previous rulings by this court and by our Supreme Court regarding the ascertainable loss requirement, the plaintiffs have sufficiently alleged an ascertainable loss of money or property. Therefore, the motion to strike counts one through twelve and sixteen through nineteen on this ground is denied.
 C.
Rent-A-Center additionally argues that the motion to strike counts one through twelve and sixteen through nineteen should be granted because the alleged acts stem from a single transaction and, therefore, a CUTPA violation has not been alleged sufficiently. In opposition, the Churches argue that the motion to strike these counts on this ground should be denied because they have alleged sufficiently that Rent-A-Center's unfair and deceptive conduct occurred over a period of several months, which demonstrates that there was a pattern of repeated unfair behavior.
There is no appellate authority addressing the question of whether General Statutes § 42a-110g, the private action provision of CUTPA, requires pleading and proof of a general practice, as opposed to a single transaction. Although the parties recognize that the Superior Court is split on this issue, this court has already ruled on whether a single act is sufficient to state a claim for a CUTPA violation. "The split of authority within the courts of this state on the issue as to whether a single act may constitute a CUTPA violation does not require citation. This jurist, however, believes that the better reasoned opinions are those that agree that the legislature's use of the plural acts or practices in General Statutes § 42-110b, instead of the singular, has significance as to what may constitute a CUTPA violation. . . . This court has therefore repeatedly concluded that the allegation of a single act is insufficient to state a claim for violation of CUTPA. . . . The court sees no reason to depart from its previous holdings on this issue." (Citations omitted; internal quotation marks omitted.) BenchmarkInvestments, LLC v. Elms at Mystic, LLC, Superior Court, judicial district of New London at New London, Docket No. 555579 (January 11, 2002, Hurley, J.) (granting motion to strike as to count two because CT Page 8896 plaintiffs alleged only single act by defendants).
In the present case, the Churches allege that Rent-A-Center was responsible for numerous acts of immoral, unethical and unfair behavior while in the course of its primary business. The Churches' allegations describe repeated, distinct actions by Rent-A-Center on numerous occasions throughout the course of their attempts over several months to collect the alleged unpaid debt. This court has already held that plural acts or practices, such as those that have been alleged in the present case, are sufficient to sustain a CUTPA violation. Therefore, the motion to strike counts one through twelve and sixteen through nineteen on this ground is denied.
 D.
Rent-A-Center argues that the motion to strike counts one, nine and ten should be granted because the Churches have failed to plead damages sufficient to sustain the asserted common law theories of liability. The Churches concede that counts nine and ten fail to plead any damages and, therefore, do not oppose the motion to strike these counts on this ground. The Churches argue, however, that the motion to strike count one should be denied because they have pleaded adequate damages including diminished value of used goods, legal detriment incurred and loss of job security.
An action for breach of contract requires proof of three elements: "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks omitted.) McHenry v. Lubell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346842 (August 2, 2001, Skolnick,J.). "The general rule of damages in a breach of contract action is that the award should place the injured party in the same position as he would have been in had the contract been performed." (Internal quotation marks omitted.) Gazo v. Stamford, supra, 255 Conn. 264-65.
In the present case, the Churches have alleged that they have incurred legal detriment, received diminished goods, failed to receive the rightful benefit of a bargain and loss of job security. These allegations of damages are sufficient to sustain the asserted common law theories of liability. Therefore, the motion to strike count one on this ground is denied. The motion to strike counts nine and ten is, however, granted on this ground, as conceded to by the Churches.
 E.
Rent-A-Center argues that the motion to strike counts fourteen and CT Page 8897 fifteen should be granted because the Churches have failed to allege a duty of care or negligence. The Churches argue that the motion to strike counts fourteen and fifteen should be denied because they are not required to specifically allege a duty or promise that may be implied by the facts.
Pursuant to Practice Book § 10-4,[4] a plaintiff is not required to allege a duty or promise which may be implied by the facts pleaded. See also Marek v. Going, 66 Conn. App. 557, 564, 785 A.2d 248 (2001), cert. denied, 259 Conn. 909, 789 A.2d 995 (2002). In the present case, sufficient allegations that a duty existed and that Rent-A-Center negligently breached this duty can be inferred from the facts pleaded. Accordingly, the motion to strike counts fourteen and fifteen on this ground is denied.
 F.
Finally, Rent-A-Center argues that the motion to strike counts thirteen through seventeen should be granted because minors have no capacity to initiate legal action in their own right. In opposition, the Churches argue that the motion to strike counts thirteen through seventeen should be denied because it was a typographical oversight that caused the minors to be listed as suing in their individual capacities. The Churches argue they have filed a motion to amend the writ, summons and complaint pursuant to General Statutes § 52-123,[5] to articulate that the minor children are suing by and through their father Earnest Church.
"[T]he general rule is well established that a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented." (Internal quotation marks omitted.) Newman v. Newman, 235 Conn. 82, 95, 633 A.2d 980
(1995). In the present case, the minor Church children are listed as parties to the action and there is no allegation that the action is brought on behalf of the minors by a guardian or next of friend. Accordingly, based on well-established Connecticut case law that minors cannot bring causes of action on their own behalf, the motion to strike counts thirteen through seventeen on this ground is granted.[6]
 III. Conclusion
Accordingly. based on the foregoing, the motion to strike counts one through twelve and sixteen through nineteen is granted by concession of the Churches that these counts reference an incorrect statutory section. Counts nine and ten are further stricken, also by concession of the Churches, on the ground that these counts fail to allege any damages. Finally, the motion to strike counts thirteen through seventeen on the CT Page 8898 ground that minors lack capacity to sue in their own behalf is granted. Any other grounds moved upon for striking the various counts are rejected.
 D. Michael Hurley Judge Trial Referee