[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this case has moved to dismiss the action for lack of subject matter jurisdiction based on the plaintiff's CT Page 4192-D loss of standing to pursue the matter because of his filing of a bankruptcy petition after bringing this suit.
The plaintiff, a land developer, commenced this action against the defendant, a builder contractor, on November 17, 1991. Essentially, the plaintiff alleges substandard performance by the defendant in the construction of homes for the plaintiff.
On June 30, 1993, the plaintiff and his wife filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Connecticut and were represented in that matter by Attorney John Harris. The plaintiff never listed the pending civil action against the defendant in his schedule of property filed with the Bankruptcy Court as required by11 U.S.C. § 521(1).
On September 1, 1993, a creditor, through his attorney, alerted the bankruptcy trustee assigned to supervise the plaintiff's bankruptcy estate, Attorney Neal Ossen, of this omission. The trustee contacted Harris about the lawsuit, who, in turn, contacted the plaintiff's attorney in this civil action, CT Page 4192-E Attorney Jon Biller, and asked Biller to respond to the trustee's inquiry. On June 8, 1994, Biller wrote to the trustee, explained the nature of the suit, and suggested that, because the defendant was also insolvent and had moved to California, any judgment obtained by the plaintiff against the defendant was probably uncollectible.
On July 11, 1994, the trustee conducted a meeting of creditors. At that meeting the trustee placed the plaintiff and his wife under oath and questioned them concerning the profitability of pursuing the lawsuit against the defendant. The plaintiff and his wife reiterated the improbability of payment by the defendant of any judgment secured by the suit. Also present at the meeting was Harris and some creditors or their representatives. At the conclusion of the meeting, the trustee announced that he would defer any decision regarding his stance toward this civil suit to a later time.
The trustee never affirmatively acted regarding the present suit. On October 14, 1994, the plaintiff was discharged from his debts by the Bankruptcy Court, Krechevsky, J. On February 27, 1995, the trustee filed a report of the distribution and the CT Page 4192-F bankruptcy estate was closed. After much prompting by Attorney Biller, on April 17, 1996, the trustee sent a letter to Biller, which letter contained the following comments:
"Upon filing of the [report] and closing of the estate, all assets are abandoned back to the debtors. The causes of action are no longer property of the estate and the estate has no further interest in the claims."
The defendant in this action contends that, because the plaintiff never included this chose in action in his scheduled property before the Bankruptcy Court and because the trustee never expressly abandoned the lawsuit, the cause of action remains the property of the bankruptcy estate under 11 U.S.C. § 554(d), and the plaintiff has no standing to maintain this action. The plaintiff counters that the trustee affirmatively abandoned this chose in action under 11 U.S.C. § 554(a), and the plaintiff has standing. The court agrees with the defendant.
Where a plaintiff lacks standing to sue, the court lacks subject matter jurisdiction to hear the case, Steeneck v.CT Page 4192-GUniversity of Bridgeport, 235 Conn. 572, 580 (1995); Newman v.Newman, 235 Conn. 82, 102 (1995). The burden of proof is on the party claiming standing, Stadloski v. Manchester, 235 Conn. 637,641 (1995). Standing can be lost if a party is divested of the property which is the subject of the action after the action has begun, Southbury v. American Builders, Inc., 162 Conn. 633, 634
(1972). This principle of loss of standing applies to lawsuits commenced by the debtor before bankruptcy, Mele v. First ColonyLife Ins. Co., 127 B.R. 82, 84 (1991).
Pursuant to 11 U.S.C. § 541(a)(1) all property of the debtor, including chose in action and pending suits, becomes the property of the bankruptcy estate and is under the exclusive control of the bankruptcy trustee, Mele v. First Colony Life Ins. Co.,
supra. By virtue of 11 U.S.C. § 554(d), this property remains part of the state unless and until the trustee abandons the lawsuit back to the debtor, Id. The core of the dispute sub judice is whether the trustee legally abandoned this action back to the plaintiff.
Trustee abandonment of estate property is governed by CT Page 4192-H11 U.S.C. § 554. That section establishes three methods by which property may be abandoned back to the debtor. First, § 554(a) empowers the trustee, after hearing and notice and without court approval, to abandon expressly any estate property that lacks substantial value or is burdensome to maintain. Second, § 554(b) allows the Bankruptcy Court to order abandonment after hearing and notice. Third, § 554(c) provides for the automatic abandonment of any unadministered estate property, which was scheduled under § 521(1), upon the closing of the estate without court approval or hearing. Any unadministered property which was not abandoned in accordance with any of the three methods described above remains part of the estate under § 554(d).
The burden of demonstrating trustee abandonment of estate property is on the party claiming abandonment, Mele v. FirstColony Life Ins. Co., supra, 85. The plaintiff makes no claim of court-ordered abandonment under § 554(b), nor does he claim the automatic abandonment under § 554(c), which only applies to scheduled property, and, as noted above, this lawsuit was omitted from the debtors' property schedules. Instead, the plaintiff asserts that the trustee expressly abandoned this cause of action CT Page 4192-I back to the plaintiff under § 554(a).
Unfortunately, because of the passage of time, the Bankruptcy Court records pertaining to the plaintiff's estate were expunged, leaving no transcripts or other official record of the trustee's actions or inactions with respect to this lawsuit. As mentioned above, at the creditors' meeting at which the financial merit of this civil action was discussed, the trustee deferred a decision as to his course of action relative to the lawsuit. At the hearing on this motion to dismiss, neither side called the trustee as a witness.
The only reliable source of information regarding the trustee's ultimate action regarding this property is the trustee's letter to Attorney Biller, dated April 17, 1996. The plaintiff contends that the contents of that letter disclose that the trustee abandoned the lawsuit back to the plaintiff under § 554(a). The court rejects this interpretation of the trustee's remarks in that letter. It appears to the court that the trustee was restating the general automatic abandonment provision under§ 554(c) rather than acknowledging that the has expressly CT Page 4192-J abandoned the lawsuit under § 554(a). The trustee's comment was to the effect that, when bankruptcy estates are closed, the remaining property reverts to the debtors. From the last sentence of the letter, the court infers that the trustee believed that the automatic abandonment generated by § 554(c) occurred in this case. However, because § 554(c) applies only to scheduled assets and because this lawsuit was never scheduled as required by § 521(1), no automatic abandonment, in fact, transpired.
The court concludes that the plaintiff has failed to meet his burden of proving express abandonment back to the plaintiff under § 554(a). Consequently, under § 554(d), this cause of action remains part of the bankruptcy estate, and the plaintiff lacks standing to prosecute at this time.
For these reasons, the motion to dismiss for lack of subject matter jurisdiction is granted.
Sferrazza, J. CT Page 4192-K