In the Matter of the Petition of Samantha Nicole FRAZER,[1] a Minor, for a Writ of Certiorari and Stay.

No. 234, 1998.

Supreme Court of Delaware.

Submitted: June 15, 1998.
Decided: June 19, 1998.
Opinion Issued: July 21, 1998.[2]

1. We note that proceedings in this Court involving review of Family Court orders granting or denying termination of parental rights have traditionally been reported under pseudonyms. Supr.Ct.R. 7(d). To the extent feasible, we have extended confidentiality to all aspects of appeals of termination orders because of the sensitive nature of the evidence usually presented in those cases and its impact on the parties involved. The Family Court has similarly been required, by statute, to impose confidentiality. 13 *Del. C.* § 1112(a). Unfortunately, in this case, Samantha and her adult supporters made a public release at the time of the filing of the Complaint fully identifying the parties and disclosing the underlying facts of the termination proceedings. Under these circumstances, no purpose would be served in attempting to further conceal the identity of the parties or the contents of this order. We reserve the right, however, to extend confidentiality to any portion of the record in this Court should the need arise and the proceedings in the Family Court, upon remand, shall remain confidential in accordance with the applicable statutes and court rules.

2. The June 19, 1998 Order is vacated, and this Opinion is issued in lieu thereof.

Matthew P. Denn, Young, Conaway, Stargatt & Taylor, L.L.P., Wilmington, for Petitioner Samantha Nicole Frazer.

Malcolm S. Cobin, Assistant State Solicitor, Department of Justice, Wilmington, and Louann Vari, Deputy Attorney General, Department of Justice, Dover, for Respondent Department of Services for Children, Youth and their Families, Division of Family Services.

Roger D. Kelsey, Brown, Shiels & Chasanov, Dover, for Respondent Janet E. Davis, Court Appointed Special Advocate.

Robert J. Taylor, Barros, McNamara, Scanlon, Malkiewicz & Taylor, P.A., Dover, for Respondent Victoria Frazer.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

WALSH, Justice:

In this matter, a minor seeks to invoke the original jurisdiction of this Court through a petition for a writ of certiorari addressed to the Family Court's denial of a petition to terminate the parental rights of the minor's mother. We find that any defect in the minor's standing to pursue this petition is cured by the appointment of a Guardian *ad Litem* and, due to the irregularities in the Family Court proceeding, remand the matter to the Family Court to permit motions to reopen the termination proceeding.

### I.

On June 2, 1998, Samantha Nicole Frazer ("Samantha"), a ten year old child residing in Kent County, filed a document in this Court entitled "COMPLAINT IN PROCEEDINGS FOR EXTRAORDINARY WRIT," which seeks the issuance by this Court of a writ of certiorari. The writ is sought to review an April 9, 1998 order of the Family Court of the State of Delaware in and for Kent County denying a petition to terminate the parental rights of Samantha's biological mother, Victoria Frazer ("Mother"). The Complaint alleges, *inter alia,* that the Family Court proceedings were procedurally deficient in several respects, including the lack of effective representation and opportunity to be heard. Additionally, the Complaint asserts that, because no formal party to the termination filed an appeal within the thirty day appeal period permitted by law, Samantha, as an interested party to the termination proceedings, was denied the opportunity for appeal to this Court.

By way of relief, the Complaint seeks: (i) review of the merits of the Family Court's April 9 order denying the termination petition; (ii) the grant of a stay of any order of the Family Court directing reunification efforts between Samantha and Mother; and (iii) the maintenance of the *status quo* with respect to Samantha's present relationship with her former therapist who wishes to adopt her. Although Samantha filed her Complaint *pro se,* Matthew P. Denn, Esquire, a member of the Delaware Bar, subsequently entered an appearance on her behalf. Apparently, Denn has also filed motions in the Family Court seeking a stay and intervention on Samantha's behalf in that court.

This Court directed responses to the Complaint by the persons and entities who were parties to the Family Court proceedings. Mother, through counsel appointed by the Family Court, has filed an answer essentially denying Samantha's claims of denial of procedural rights and raising certain defenses to this Court's assumption of jurisdiction, including the standing of Samantha, as a minor, to seek relief in this Court. The Department of Services for Children, Youth, and Their Families, Division of Family Services ("DFS"), the State agency that initiated the termination proceedings in the Family Court, has filed an answer generally supportive of Samantha's position on the merits of

the termination. DFS, while not directly responding to Samantha's claim that it refused to file an appeal within the required time period, requests a stay of the proceedings in this Court while it seeks to reopen the Family Court order under Family Court Rule 60(b) to correct "any irregularities in the proceedings in the court below." Janet E. Davis, the Court Appointed Special Advocate ("the CASA") for Samantha in the termination proceedings, has filed a response, through counsel, conceding that, in the Family Court, she argued against the termination of Mother's parental rights but contends that she did so in the child's best interests.

## II.

■ This Court's authority to issue writs of certiorari "to any inferior court . . . and to any of the Judges thereof and to issue orders . . . to give effect" thereto is conferred by the Delaware Constitution. Del. Const. Art. IV, § 11(6). By statute, certiorari issues as a matter of "right and not of grace." 10 *Del. C.* § 142. While the writ may not issue as a substitute for an appeal where direct review is authorized, the excusable inability of a party to obtain relief through normal appellate review may suffice. 14 C.J.S. *Certiorari* § 24 (1991).

## III.

Before considering the propriety of granting certiorari, however, we confront, in this case, a claim of lack of standing. Specifically, Mother contends that Samantha, as a minor, lacks the capacity to bring the petition in her own name. The principles that govern a minor's right to appeal are essentially the same as those that control the minor's right to institute an action at the trial level. The Delaware statutory process for termination of parental rights, 13 *Del. C.* ch. 11, limits the parties who can initiate termination proceedings to the parent(s) of the child, a blood relative of the child, or the Department of Services for Children, Youth and Their Families or a licensed agency. 13 *Del. C.* § 1104. The respondent in such proceedings will be the parent(s) or an "organization holding parental rights." 13 *Del. C.* § 1107(a).

■ In the event the termination petition is denied, the petitioner may appeal to this Court. 13 *Del. C.* § 1110. Conversely, if the petition is granted, the respondent may appeal. It would, thus, appear that, as a matter of statutory entitlement, under Delaware law, a child who is the subject of the termination proceedings may not institute an appeal in the child's own name. This is not to say that the child, whose very future as a member of a family unit may be in the balance, is not an interested party. The child's interests are presumably protected by DFS in seeking the termination. DFS concedes, however, that, in this case, it did not extend that protection to the filing of an appeal once the termination petition was denied.

■ Although a minor may lack capacity to institute a civil proceeding, or to appeal, in his or her own name, this standing defect is curable. *Newman v. Newman,* 235 Conn. 82, 663 A.2d 980, 990 (1995). The disability of nonage is, thus, viewed as a procedural, not a jurisdictional, deficiency correctable by the appointment of a Guardian *ad Litem. Kingsley v. Kingsley,* Fla.App.Dist.Ct., 623 So.2d 780, 784 (1993). Here, Samantha's nonage is not a bar to the filing of a complaint for certiorari in this Court, and we hold that any defect in her original standing is cured by this Court's grant of Denn's request to be appointed as her Guardian *ad Litem.* Accordingly, Mother's motion to dismiss on that ground is denied.

## IV.

Turning to the allegations of the Complaint, the CASA claims that it acted in Samantha's best interests, but that claim is open to significant doubt. The appointment of a CASA is authorized, by statute, 31 *Del. C.* ch. 36, and by court rule, Family Court Rule 205. Section 3601 of Title 31 recites that the purpose of the CASA system is "to ensure that children who are the subject of abuse, neglect, or dependency have their interests represented in those proceedings before the Family Court." Family Court Rule 205(a) authorizes the appointment of a CASA to "conduct independent investigation of the circumstances of a case," and, under Rule

205(b), the CASA "shall report to the Court the findings of the investigation and may make recommendations to the Court as to what is in the best interest of the child." While the CASA may be represented by counsel and is authorized to participate in proceedings involving the child, we find no basis in statute or rule that authorizes the participation of the CASA in parental termination proceedings. We have some difficulty construing the "abuse, neglect or dependency" jurisdictional basis for appointment of a CASA to embrace the abandonment/support inquiries of a termination proceeding. Indeed, 10 *Del. C.* § 925(17) grants the Family Court the general jurisdiction to appoint a CASA only "in child abuse and neglect cases" and makes no mention of parental termination proceedings.

Even if the Family Court here broadly interpreted the role of the CASA as helpful to its efforts to secure additional information about Samantha, the CASA appeared in this case in a mixed capacity that blurred her responsibilities. The petition for termination of parental rights was filed in the Family Court on September 9, 1997. On October 24, 1997, the Family Court appointed Janet E. Davis as Guardian *ad Litem* for Samantha and her sister. The order of appointment neither designates Davis as a CASA nor identifies her as such. It requires her to "appear at all hearings or proceedings relating to this cause and assume representation of the child(ren) at said hearings."

In the Guardian *ad Litem* role, Davis was required to advance before the Family Court the wishes and desires of those children, while affording them the benefit of her counsel and advice. Yet, in her role as CASA, under 31 *Del. C.* § 3603(e), Davis was required to represent the best interests of the child, whether or not that reflects the child's wishes. Notwithstanding the absence of authority for a CASA to participate in parental termination hearings and despite the appointment of Davis as a Guardian *ad Litem*, the transcript of the hearing in the Family Court reflects that Davis, through counsel, actively participated in her role as the CASA representing Samantha.[3] Accordingly, Samantha was left without an advocate for her wishes.

We recognize that a child who is the subject of a termination of parental rights proceeding may not be a party in a formal sense, but there is no doubt the child's vital interests are at stake. To this extent, the child is an interested party and, if of an age that permits the child to express his or her views and to understand the proceedings, the child is entitled, at a minimum, to be heard. As the Supreme Court of the United States has noted, "[a] child, merely on account of his minority, is not beyond the protection of the Constitution." *Bellotti v. Baird*, 443 U.S. 622, 633, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979). Moreover, "the constitutional rights of children are indistinguishable from those of adults." *Id.* at 635, 99 S.Ct. 3035.

Implicit in the Family Court's appointment of a Guardian *ad Litem* for Samantha in this case was the recognition that she had certain constitutional rights, procedural and substantive, which required separate representation though an adult. Unfortunately, the selection of Davis by the Family Court to be Samantha's Guardian *ad Litem* created a conflict of interest because of Davis's simultaneous CASA status and the legal position she asserted in advance of any evidence being presented at the hearing. This conflict, superimposed on the doubtful statutory authority for the CASA's partic-

---

3. At the beginning of the Family Court proceedings, counsel for the CASA stated the position of his client, in part, as follows:

Your Honor, in this case the COSA [sic] takes a position that weighs much closer to the mother's case than it does to DFS. COSA [sic] feels that the statutory grounds on the matter that is the first leg of the statutory grounds failure to plan adequately will be shown in this case prior to the filing of the TPR petition in September of last year. That prior to that time, the mother failed to plan adequately for the child in accordance with the standard. But the second leg of that statutory ground is whether or not the mother can in the foreseeable future plan adequately for the child . . . . If this case is to be completed and not be continued in any form, now a COSA [sic] must come down, feel she must come down in favor of the mother . . . . And we are therefore recommending that the TPR be denied.

ipation in the termination hearing, raises a serious question about whether Samantha received procedural due process in the termination proceeding.

We are also troubled by the CASA's announcement, in advance of the hearing, that she opposed the termination of parental rights "in the child's best interest" because her counsel believed a statutory ground had not been established. As the Family Court noted, the best interests of the child are not normally considered until statutory grounds for termination have been established. *In re Kelly Stevens,* Del.Supr., 669 A.2d 33, 35 (1995). Accordingly, Davis, who represents only the child's best interests, should not have had any role in the proceedings until the Family Court found that statutory grounds had been established. The Family Court ruled that, because it found no clear and convincing evidence to establish a statutory ground for termination, it did not reach the issue of the child's best interests, yet, it permitted the CASA to attack DFS's efforts to establish the statutory grounds.

## V.

In view of the procedural irregularities which appear on the face of this record, coupled with the requests of DFS and Samantha's present Guardian *ad Litem* for the opportunity to reopen the Family Court proceedings, we conclude that the certiorari proceeding in this Court should be stayed to afford the Family Court the opportunity to rule upon the issues posed in this proceeding. To that end, we order as follows:

(1) Matthew P. Denn, Esquire is APPOINTED Guardian *ad Litem* in this Court, *nunc pro tunc,* for Samantha Frazer in the certiorari proceedings pending in this Court. In view of the CASA's questionable status, the Family Court is authorized to rescind that appointment and substitute Denn as Samantha's Guardian *ad Litem* in all future proceedings in that court;

(2) This matter is REMANDED to the Family Court to permit DFS and Samantha's Guardian *ad Litem* to move to reopen the termination proceedings;

(3) All pending orders of the Family Court arising out of the termination proceeding, including the Family Court's decision of March 27, 1998 and its implementing order of April 9, 1998, are STAYED. While we express no opinion on the underlying merits of the termination issues, we assume that any further proceedings will involve the direct participation of Samantha through her Guardian *ad Litem;* and

(4) The Petition for Writ of Certiorari is STAYED. This Court expressly retains jurisdiction over the certiorari petition, and we will entertain further applications, for relief, if necessary, following the supplemental proceedings in the Family Court.